**Antonio O'Neal KENNEDY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–88–00562–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 2, 1989.

Rehearing Denied March 24, 1989.

J. Thomas Sullivan, Malcolm Dade, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before WHITHAM, BAKER and THOMAS, JJ.

WHITHAM, Justice.

Appellant appeals a conviction for promotion of obscenity. We find no merit in any of appellant's seven points of error. Accordingly, we affirm.

In his first point of error, appellant contends that the evidence is insufficient to support the conviction because it fails to show that appellant committed a voluntary act in "exhibiting" obscene devices as charged in the information. At the outset, we note the specific issue raised by appellant. Appellant does not question that the property seized was "obscene devices." Appellant does not question that appellant worked in a store in which obscene devices were exhibited. Instead, appellant insists that he did not "exhibit" the devices in

question. We know all this from appellant's brief which tells us that "[t]here was no testimony adduced at trial to show that Appellant did anything more than work in a store where obscene devices were exhibited, as opposed to the allegations in the information that [appellant] 'exhibited' them." Thus, the issue focuses on the nature of appellant's "work in a store where obscene devices were exhibited" and on the manner in which the obscene devices were presented for inspection or sale to persons entering the store.

 Our review of the sufficiency of the evidence is limited to determining whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App.1982); *Lopez v. State*, 630 S.W.2d 936, 940 (Tex.Crim.App. 1982). This sufficiency test also applies to circumstantial evidence cases. *See Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim. App.1983) (op. on reh'g). However, in circumstantial evidence cases, if the evidence supports a *reasonable* inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Kirven v. State*, 751 S.W. 2d 212, 215 (Tex.App.—Dallas 1988, no writ). It is not required that the circumstantial evidence should, to a moral certainty, actually exclude every hypothesis other than the guilt of the accused. *Kirven*, 751 S.W.2d at 215. Rather, the evidence need only exclude *reasonable* hypotheses consistent with the circumstances and facts proved. *Kirven*, 751 S.W.2d at 215. Additionally, each fact need not point directly and independently to the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker v. State*, 621 S.W.2d 597, 601 (Tex.Crim.App.1980).

 With this standard of review in mind, we note that section 43.23 of the Texas Penal Code makes it a criminal offense to "promote" obscene material or

devices. Promotion can be done by exhibiting. *See* TEX.PENAL CODE ANN. § 43.21(a)(5) (Vernon Supp.1989). The term "exhibit" is not defined by the penal code; therefore, its ordinary meaning or common usage applies. *See Howard v. State*, 690 S.W.2d 252, 254 (Tex.Crim.App. 1985); *Hudson v. State*, 737 S.W.2d 838, 839 (Tex.App.—Dallas 1987, pet. ref'd). In defining a term's ordinary meaning or common usage, the Court of Criminal Appeals has previously referred to Black's Law Dictionary. *See Holladay v. State*, 709 S.W. 2d 194, 196 (Tex.Crim.App.1986). According to Black's, "exhibit" means: "To show or *display;* to offer or present for inspection. To produce anything in public, so that it may be taken into possession." BLACK'S LAW DICTIONARY 514 (5th ed. 1979) (emphasis added). With this background, we look to the evidence, focusing on the nature of appellant's "work in a store where obscene devices were exhibited" and on the manner in which the obscene devices were presented for inspection or sale to persons entering the store. In so doing, we remind the reader that appellant does not question that the items mentioned are obscene devices. Hence, we omit the voluminous nature of the evidence presented to establish that the material or devices mentioned were "a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs." *See* TEX.PENAL CODE ANN. § 43.21(a)(7) (Vernon Supp. 1989). We also remind the reader that appellant concedes that the evidence proves that at the time of his arrest he worked in the store. Therefore, the question remains whether appellant "exhibited" the forbidden.

The record reflects that at the time of the offense appellant was standing at the manager/clerk's area of the store. The manager's station is located on a raised platform which provides one with an overall view of the store. The cash register, change machine, and a token machine, for watching nickelodeon-style obscene movies, as well as adult movies for rent, were located on the counter. The front of the manager's station was a glass display case containing vibrator kits, movies, French

ticklers, lotions such as "motion lotion" and "anal lube" and bondage items, such as wrist locks and nipple clamps. The store has two-sided, five and one-half foot tall display racks. One rack holds magazines, another holds videotapes, and a third holds devices and magazines. Officer Bardin testified that at the time of the offense, if a customer in the store wished to purchase something, the customer would have to approach appellant. Officer Bardin testified that the actual rack containing the obscene devices is almost in the center of the manager's station; the beginning of the obscene devices' rack is about four feet from the glass counter behind which appellant was standing and that the obscene devices were in appellant's plain view. All of the seized obscene devices were priced and marked for sale and were prominently displayed for sale to the public. The seized devices were surrounded by sexually explicit magazines and movies, some of which depicted the use of the devices. The devices were packaged in clear cellophane. Officer Bardin testified that appellant had care, custody and control of the store at the time of the offense, and that one would have had to approach appellant in order to purchase an obscene device. Based on the evidence, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, and excluding every other reasonable hypothesis raised by the evidence, that appellant exhibited the devices in question knowing the content and character thereof. Consequently, we conclude further that the evidence showed that appellant committed a voluntary act in "exhibiting" obscene devices as charged in the information. Therefore, we conclude further that the evidence is sufficient to support the conviction. We overrule appellant's first point of error.

In his second, third, fourth, fifth and sixth points of error, appellant contends that the trial court abused its discretion in permitting five police officers, Bardin, Bernal, Stout, Trippel and Howard to testify as to appellant's reputation because the State did not lay a proper predicate for admission of reputation testimony. All of the five officers testified that appellant's reputation in the community was bad. Appellant's brief points only to an objection to the testimony of Officer Bardin. For the purposes of this opinion, we assume, but do not decide that the trial court erred in overruling appellant's objection to Bardin's testimony. Nevertheless, we conclude that the error was harmless in the light of the unobjected to reputation testimony of the remaining four police officers. *See Mitchell v. State*, 524 S.W.2d 510, 513 (Tex.Crim. App.1975). Certainly, we conclude no error exists as to admission of the reputation testimony of the remaining four police officers. As to those four, appellant failed to object. Error is not preserved in absence of objection. *Esquivel v. State*, 595 S.W.2d 516, 524 (Tex.Crim.App.) *cert. denied*, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980); TEX.R.APP.P. 52(a). Moreover, appellant can have no running objection to the reputation testimony of the four remaining police officers. *See Goodman v. State*, 701 S.W.2d 850, 863 (Tex.Crim.App. 1985). We overrule appellant's second, third, fourth, fifth and sixth points of error.

In his seventh point of error, appellant contends that the trial court erred in permitting the prosecutor, over objection, to incite the jury to assess punishment based on speculation that appellant profited by the sale of obscene devices. During cross-examination of appellant's sister at the punishment stage of the trial, the witness testified:

Q: How much does he get paid?

A: Per hour?

Q: Per hour.

A: I have no idea. I never asked.

Q: Do you think he earns a good living working at the Red Letter News?

A: I think he earns a decent living.

Q: Does he work anywhere else?

A: Not to my knowledge.

Q: He doesn't have any other source of income?

A: Not to my knowledge.

Earlier, during the guilt or innocence phase of the trial, the State had elicited testimony that the various devices seized from the store had prices marked of $29.95 and $25.95; $10.95; $28.95 and $32.95; and $52.95.

Later, in jury argument, the prosecutor made the following remark followed by appellant's objection and the trial court's ruling:

[Prosecutor]: It's a reasonable deduction from the evidence that this man makes a living, is his only source of income—you heard his sister say, "Red Letter News No. 2. He makes a decent living," she says, but she can't tell you how much he gets paid. So, you can assume that a "decent living" can mean a lot of money from these devices, if he gets any money from—

[Defense Counsel]: If your Honor pleases, I don't think it is proper to assume anything in a court of law. I think you may deduct from that, but I don't think that it's proper for this lady, or any other prosecutor, to suggest that you can assume anything.

[Prosecutor]: I predicated that with "a reasonable deduction from the evidence," your Honor.

THE COURT. That will be overruled.

Hence, the prosecutor prefaced her remark suggesting that appellant's work "means a lot of money" to appellant from the sale of the devices with the words "it's a reasonable deduction." Thereafter, appellant's trial counsel, during his objection agreed: "I think you may deduct from that." Thus, we conclude that the prosecutor misspoke in using the word "assume" in her remark and that the prosecutor, defense counsel and trial court all understood and agreed that the thrust of the prosecutor's remark was to properly suggest to the jury a reasonable deduction to be drawn from the evidence. Consequently, we conclude that the prosecutor did not improperly incite the jury to speculate that appellant profited by the sale of obscene devices. Therefore, we conclude further that the trial court did not err in allowing the prosecutor's remark. We overrule appellant's seventh point of error.

AFFIRMED.