Nathaniel Joe BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00649–CR.

Court of Appeals of Texas,
Dallas.

Aug. 25, 1989.

John Hagler, Dallas, for appellant.

Robert P. Abbott, for appellee.

Before McCLUNG, THOMAS and OVARD, JJ.

McCLUNG, Justice.

Appellant Nathaniel Joe Black appeals a conviction for the offense of unlawful possession of cocaine. We affirm the judgment of the trial court.

On the evening of November 25, 1988, a pedestrian stopped police officers David Durica and John Wesley Moore and told them that drugs were being sold at a house on 4311 South Oakland Blvd. in Dallas. In response to the information, the officers walked to the residence and knocked on the door. Although the house was dark and appeared vacant, a male opened the door, and upon seeing the officers, tossed a clear

sandwich bag containing four hand-rolled cigarettes behind him. Believing that the bag contained a controlled substance, Officer Durica arrested that man. The officers then proceeded into the house. Officer Moore saw Nathaniel Joe Black in the process of injecting himself in the arm with a hypodermic syringe. Believing that Black was using a controlled substance, Moore arrested Black.

■ Black claims first that the trial court erred in failing to grant his motion to suppress. In order to be entitled to suppression of the evidence of a crime, a defendant must establish that some personal fourth amendment privacy interest of his was violated by police actions involving the premises searched or the property seized. *McVea v. State*, 635 S.W.2d 429, 434 (Tex. App.—San Antonio 1982, pet. ref'd). (citing *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Lewis v. State* 598 S.W.2d 280, 282–83 (Tex.Crim.App. 1980). Certain factors which should be considered in making the determination of whether an accused has "standing" to challenge a search or seizure include: (1) whether the alleged aggrieved person has a property or possessory interest in the thing seized or the place searched; (2) whether he was legitimately on the premises; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the search, he took normal precautions customarily taken by those seeking privacy; (5) whether the property was put to some private use; and (6) whether the claim of privacy is consistent with the historical notions of privacy. *Calloway v. State*, 743 S.W.2d 645, 651 (Tex. Crim.App.1988). The record reflects no facts that would support a legitimate expectation of privacy by Black. The house was owned by a Stephenson, who controlled who entered and exited the house. Black did not own, rent, or lease any portion of it, but was, at best, a guest on the evening in question. Consequently, Black had no property or possessory interest in the house.

It is well settled that the trial court is the exclusive trier of fact at the hearing on a motion to suppress and, as such, the court may choose to believe or disbelieve any or all of a witness's testimony. *State v. Moore*, 749 S.W.2d 601, 603 (Tex.App.— Amarillo 1988, no writ). The trial court's findings will be upheld when they are supported by the evidence. The appellate court will not reverse unless abuse of discretion by the trial court is clearly shown. *State v. Moore*, 749 S.W.2d at 603. We hold that the court did not abuse its discretion in denying this motion to suppress. We overrule Black's first point of error.

■ Next Black alleges that the trial court erred in failing to charge the jury on the legality of the police entry into the house. Texas courts have uniformly held that the question of whether probable cause existed for a warrantless search is solely a question of law for determination by the court. *Villarreal v. State*, 685 S.W.2d 449, 453 (Tex.App.—San Antonio 1985, aff'd) 708 S.W.2d 845 (Tex.Crim.App. 1986). When a question of law is raised concerning the validity of a search, there is no need to charge the jury under the terms of article 38.23. *Archer v. State*, 607 S.W.2d 539, 543 (Tex.Crim.App. cert. denied). 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). We overrule Black's second point of error.

Black further contends that the prosecutor committed error by attacking him over the shoulders of his attorney during argument. Similarly, he alleges in another point of error that the prosecutor committed reversible error during the jury argument by injecting harmful facts before the jury that were not in evidence. The State responds that any such error was harmless.

It is unfortunate that more and more often recently, this Court has been obliged to reiterate some very basic issues of law. Proper jury argument comes under four general areas: (1) summation of evidence, (2) reasonable deduction from evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim. App.1984). Error is not reversible unless, in light of the record as a whole, the argument is extreme or manifestly improper,

violative of a mandatory statute or injects new facts harmful to the accused, into the trial. *Cannon v. State*, 668 S.W.2d at 404.

■ Although the State may not strike at a defendant over the shoulders of his counsel, it is well settled that when an argument is invited and made in response to prior argument by the defense counsel, then no reversible error will be shown to exist. *Lewis v. State*, 676 S.W.2d 136, 143 (Tex.Crim.App.1984). We examine the entire record to determine whether anything counsel did, before the improper remarks made by the prosecutor, invited the remarks. *Fuentes v. State*, 664 S.W.2d 333, 336 (Tex.Crim.App.1984).

During the jury arguments, defense counsel brought up the fact that he was a former prosecutor:

And I basically told you that I was a guy that had invested five years of my working life being a prosecutor right here in this county, and I basically told you I had called hundreds of police officer witnesses to the stand. And I basically told you that I helped them develop their cases for a long time down here.

And I told you furthermore that I was a supporter of the police department. And I told you I did not—

MR. JOHNSON: Excuse me, Judge, I'm going to object to his going outside the record as to his personal beliefs and opinions concerning the evidence instead of his argument as to what the evidence shows.

THE COURT: Stay within the record, Counsel.

MR. FRY: Well, Judge, I'm talking about things that we talked about with the jury on voir dire examination.

And I told you it gave me no pleasure to tell you that I was going to have to suggest to you somewhere along the line that the police officers that were going to testify in the case just had not told it like it happened. I don't get any pleasure coming down here and telling you that two of our police officers had fudged with you. But I'm here to tell you today, based on what I've heard and

what the evidence is, that's exactly what's happened....

Black maintains that the State attacked him over the shoulders of his counsel when the prosecutor responded with:

MR. JOHNSON: You know, ladies and gentlemen, I think probably the most telling portion of Mr. Fry's remarks to you a moment ago was his telling you and pointing that I sat in the same chair for five years before I went out to do what I'm doing today. See, I sat in those chairs, see

Because I think what he's trying to do is cloak his opinions with a little bit more respectability than they deserve. They don't deserve the attention that he wants. Because if you think about it for one second, you'll be able to realize the last day he got up in front of a jury and said this man's guilty, the State's just got too good a case, the day he walked out of the door of the D.A.'s Office, he's been representing people like this and all you can do to get them off is you've got to say that the cops are lying. Don't think that this is the first trial that Mr. Fry or others like him come down here and say—

MR. FRY: Your Honor,—

MR. JOHNSON: We don't like their case, the cops are lying.

We conclude that the remarks made by the prosecutor, although improper, were invited by the comment of the defense counsel in his argument. We overrule point of error three.

■ Defense counsel also argued in his closing argument that the four hand-rolled cigarettes held by Mitchell were not analyzed and proved to be marijuana. In the State's closing argument the prosecutor stated:

And Mr. Fry wants to—he's concerned, he's raised in front of you the issue of why we didn't bring the chemist down here or anyone down here to prove this was marijuana. See, he raised all of these questions in his closing argument. But, see, we don't have Mr. Dennis Wayne Mitchell down here today. We're

not trying Dennis Wayne Mitchell today. We don't have to prove what this is.

And in response to Mr. Fry's argument of why we didn't analyze it, why it hadn't been analyzed, that's because Dennis Wayne Mitchell's already pled guilty—

MR. FRY: Your Honor, I object to that, that's totally and completely outside the record.

MR. JOHNSON: It's response to counsel's argument, Your Honor.

THE COURT: That objection is overruled.

Again, we hold that the State's argument was invited by comments made by the defense counsel. Further, the prosecutor did not inject harmful new facts before the jury. Black testified earlier that the marijuana cigarettes in a plastic bag appeared to be those found by the police on the evening in question. We overrule Black's fourth point of error.

 Finally, Black contends that error was committed when the prosecutor argued to the jury that Black was a drug dealer. In reviewing the entire record, we hold that any error was harmless.

Commenting on the credibility of one of the Black's witnesses, the prosecutor argued:

What's Lonnie doing there, there are syringes laying there, where does Lonnie think he's at? Well, I submit to you he's exactly where he's at, he's at a place over there where they go, they get together and they shoot drugs, they possess drugs. And a reasonable deduction from the evidence is that they probably sell drugs.

Black contends that it was error because the State had failed to prove that Black and the others in the house were selling drugs. We conclude that by prefacing his remark with "a reasonable deduction from the evidence is ..." the prosecutor did not improperly incite the jury to speculate that Black sold drugs. *Kennedy v. State,* 766 S.W.2d 336, 340 (Tex.App.—Dallas 1989, writ. ref'd). Further, it is a fair interpretation of the prosecution's argument that the state was making a reasonable deduction from the evidence that the place at which Black was found was a place where drugs were sold, not that Black himself, or anyone in the house for that matter, was in fact selling drugs. We overrule Black's fifth point of error.

We affirm the judgment of the trial court.