IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-218-CR




CHARLES ARNOLD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 105,404, HONORABLE JON N. WISSER, JUDGE


 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine,
a controlled substance. Tex. Health & Safety Code Ann. § 481.115 (Pamph. 1992). The district
court assessed punishment, enhanced by two previous felony convictions, at imprisonment for
thirty years. In his only point of error, appellant contends the court erred by overruling his
motion to suppress evidence.

 On the night of September 17, 1990, uniformed Austin police officers Norris
McKenzie and Jeffery Haynes were on foot patrol in the area of 12th and Chicon Streets. At
approximately 9:00 p.m., the officers approached the Casanova Club, a place well known to the
officers for extensive drug trafficking. Appellant was sitting on the front steps of the club. 
Appellant and the officers knew each other from earlier encounters, including a previous arrest
of appellant for possession of cocaine. On other occasions, the officers had observed appellant
committing what they suspected were drug transactions. Appellant appeared startled when he saw
the officers, and he immediately stood up and hurried into the club. The officers followed him
"[t]o see why he was running."

 Inside the club, McKenzie saw appellant reach into his pocket and withdraw a
matchbox. From previous experience, McKenzie knew that matchboxes are commonly used to
carry controlled substances. In fact, appellant had cocaine in a matchbox at the time of his prior
arrest by these officers. Appellant attempted to place the matchbox behind a video game machine,
but before he could do so McKenzie grabbed his hand and told him to stop. Appellant began to
struggle and the two men fell to the floor. As he fell, appellant tossed the matchbox onto the
floor. Haynes intervened at this point, and the two officers subdued appellant. McKenzie picked
up the matchbox from the floor and looked inside, finding what proved to be crack cocaine. 

 Appellant contends that the police did not have probable cause to arrest and search
him on the night in question, and that the seizure of the matchbox and its contents therefore was
unlawful. To properly evaluate this contention, we must consider the recent opinion in Davis v.
State, No. 200-91 (Tex. Crim. App., April 15, 1992) (opinion on rehearing).

 In Davis, a police officer responded to a report that three men were selling
narcotics at a particular address. When the officer arrived, the three men hastily got into a nearby
car. The officer parked his vehicle so as to prevent the men from leaving and ordered the men
to get out of their car. The officer's attention was drawn to Davis, who was wearing a trench coat
even though it was a warm day. The officer frisked the defendant and found keys, papers, and
a matchbox in his coat pocket. The officer opened the matchbox and found cocaine.

 The Court of Criminal Appeals concluded that the officer reasonably suspected
Davis of criminal activity and was justified in detaining him for investigation. But while the
detention was justified, the opening of the matchbox was not. Noting that a search attendant to
an investigative detention must be limited to the discovery of weapons that could hurt the officer,
the court held that the officer exceeded the scope of a limited weapons search when he opened the
matchbox. The court further held that the officer did not have probable cause to believe that the
matchbox contained narcotics, distinguishing the case from Texas v. Brown, 460 U.S. 730 (1983).



In Brown, the officer stopped the defendant at a routine driver's license checkpoint. 
The officer saw the defendant drop an opaque green balloon knotted near the tip
onto the seat next to him. The officer was aware that narcotics are frequently
packaged in such balloons. While the defendant searched the glove compartment
for his license, the officer noticed small plastic vials, loose white powder, and an
open bag of party balloons in the glove compartment. When the defendant could
not find his license, the officer instructed the defendant to get out of the car and
he complied. The officer then picked up the green balloon which seemed to
contain a powdery substance. The Supreme Court held that the officer had
probable cause to believe that the green balloon contained narcotics based on his
experience and the contents of the glove compartment which suggested possession
of narcotics. [Citation.] Here, Officer Bonasto had occasionally seen narcotics
hidden in matchboxes, but the record lacks any additional facts giving rise to
probable cause to search the matchbox. And, unlike a balloon, a matchbox
commonly contains innocent items, i.e., matches. The mere fact that the officer
was investigating a possible narcotics sale, without more, is not enough to warrant
further intrusion. 



Davis, slip op. at 4 n. 5.

 In light of the opinion in Davis, it is not necessary for this Court to determine
whether appellant had been arrested or merely detained when the officers seized and looked inside
the matchbox. The officers did not testify that they feared appellant was carrying a weapon, and
Davis teaches that opening the matchbox exceeded the legitimate scope of a weapons frisk in any
event. McKenzie candidly stated that he wanted to look inside the matchbox because he suspected
it contained crack cocaine. Therefore, the dispositive issue in this cause is whether the officers
had probable cause to believe that the box contained contraband. If they did, the arrest (if that
is what it was) and search were lawful. Tex. Code Crim. Proc. Ann. art. 14.01(b) (1977). If
they did not, the seizure of the cocaine was unlawful even if appellant had been lawfully detained
by the officers on less than probable cause.

 Probable cause exists where the facts and circumstances within the officer's
knowledge and of which he has reasonably trustworthy information are sufficient in themselves
to warrant a man of reasonable caution in the belief that a particular person has committed or is
committing an offense. Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). 
Probable cause is a flexible, common-sense standard, and a practical probability that incriminating
evidence is involved is all that is required. Miller v. State, 667 S.W.2d 773, 777 (Tex. Crim.
App. 1984), quoting Texas v. Brown, 460 U.S. 730 (1983). Courts look to the totality of the
circumstances in determining whether probable cause for a warrantless search and seizure exists. 
Amores, 816 S.W.2d at 413; Eisenhauer v. State, 754 S.W.2d 159 (Tex. Crim. App. 1988). 

 The burden of proof is on the State to prove the existence of probable cause for a
warrantless search. Amores, 816 S.W.2d at 413. As trier of fact at the suppression hearing, the
trial court determines the credibility of the witnesses and the weight to be given their testimony. 
Black v. State, 776 S.W.2d 700, 701 (Tex. App. 1989, pet. ref'd). On appeal, the trial court's
determination that probable cause existed should not be disturbed unless an abuse of discretion
is clearly shown. Davis, slip op. at 3.

 After careful consideration, we conclude that the district court did not abuse its
discretion by overruling appellant's motion to suppress. Unlike the officer in Davis, who had
only "occasionally" seen narcotics hidden in matchboxes, the officers in this cause were shown
to routinely encounter narcotics in such boxes. McKenzie testified that more than half the arrests
he had made for possession of a controlled substance involved substances kept in matchboxes. 
Moreover, appellant had used a matchbox to hold the crack cocaine for which the officers had
previously arrested him. Most importantly, the officer's suspicions were confirmed when he saw
appellant trying to hide or dispose of the matchbox behind the game machine. Under the
circumstances, a reasonably prudent and cautious police officer would be justified in believing that
appellant would not go to such trouble if the box contained only matches. We find that the facts
and circumstances gave the officers probable cause to believe that the matchbox in appellant's
possession contained contraband and that the search of the box was, accordingly, lawful. The
point of error is overruled. 

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: June 3, 1992

[Publish]