**AFFIRMED, and Opinion Filed May 29, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-95-01613-CR
No. 05-95-01614-CR
No. 05-95-01615-CR

**SHANE HOWARD BALDWIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

## On Appeal from the 194th District Court
## Dallas County, Texas
## Trial Court Cause Nos. F92-29378-RM, F92-29810-RM, and F92-29817-PM

## O P I N I O N

Before Justices Lagarde, Hankinson, and Bridges
Opinion By Justice Bridges

Shane Howard Baldwin appeals his convictions for aggravated robbery and two

offenses of theft. After the trial court overruled appellant's motions to suppress, appellant

entered a plea of nolo contendere before the court, and the trial court found appellant

guilty. In three points of error, appellant complains generally of the trial court's denial of

his motions to suppress. We affirm the judgments of the trial court.

## FACTUAL BACKGROUND

Early on the morning of June 22, 1992, Grand Prairie police officers Ballard and Wills responded to a residential burglar alarm at 209 Gramley Drive. At the house, the officers saw the front door was open and heard the alarm going off. They entered the house and quickly searched through the house for burglars. In the course of this search, the officers found no burglars but discovered two new air conditioning units with their wires cut and two bedrooms full of electronic equipment. Based on their observations, the officers supposed that the resident of the house might work on electronic equipment. Grand Prairie police department policy requires officers responding to a residential alarm at an unoccupied residence to identify and contact the owner of the residence before leaving. Officer Ballard saw a portable cellular phone on the floor of one bedroom, and the plastic flap of the phone case showed a man's name and phone number in plain view. Officer Ballard thought the phone number would enable him to identify the owner of the house.

Officer Ballard relayed the phone number on the cellular phone to the police dispatcher. The dispatcher called the number and determined that the phone had been stolen in a burglary and the owner of the phone was not the owner of the house. Officer Ballard then called for a detective unit to come to the house, and Detective Isbell responded to the call. Officers Ballard and Wills showed Detective Isbell the electronic equipment and the air conditioning units. Detective Isbell identified the owner of the house through

-2-

computer records, obtained a search warrant, and executed the warrant immediately. After listing the property found in the house, Detective Isbell executed the return of the warrant. Based on the property found after the search warrant was executed, an arrest warrant was issued for Bryan Little, the occupant of the house at 209 Gramley Drive. Appellant was subsequently arrested along with Little.

Appellant signed a voluntary statement detailing his involvement in multiple thefts. Appellant gave his address as "2314 Ave C." In his separate statement, Little gave the address "209 Gramley." In his statement, Little referred to 209 Gramley as his house and did not say that appellant lived there. Further, appellant consistently referred to 209 Gramley as "Bryan's house."

Appellant filed his motions to suppress the physical evidence and his voluntary statement. At the hearing on the motions, Little testified that the house at 209 Gramley belonged to his parents, and he, appellant, and another man were renting the house. Little also testified that appellant was just moving in and had only been at the house about a week when the alarm went off. The trial court denied the motions to suppress, and appellant entered a plea of nolo contendere to the charges against him.

On appeal, appellant argues (1) the trial court erred in overruling his motions to suppress evidence and his confession because the stolen property at issue was discovered by police in the course of an illegal search; (2) the trial court erred in overruling his motion to suppress his confession because the police unlawfully obtained the information relied upon

-3-

to supply probable cause for their arrests; and (3) the evidence is factually insufficient to support the trial court's denial of the suppression motions.

## STANDARD OF REVIEW

Appellant's points of error all challenge the trial court's ruling on his motions to suppress. At a hearing on a motion to suppress, the trial court is the sole judge of the witnesses' credibility and the weight given to their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial judge may accept or reject any or all of the witnesses' testimony. *Johnson v. State*, 864 S.W.2d 708, 713 (Tex. App.--Dallas 1993), *aff'd*, 912 S.W.2d 227 (Tex. Crim. App. 1995). We do not engage in our own factual review. *Johnson*, 864 S.W.2d at 713. We only consider whether the trial court improperly applied the law to the facts. *See Romero*, 800 S.W.2d at 543; *Johnson*, 864 S.W.2d at 713. We view the evidence in the light most favorable to the trial court's ruling. *Johnson*, 864 S.W.2d at 713. We apply an abuse of discretion standard to the court's ruling and will reverse only if a clear abuse of discretion is shown. *Dawson v. State*, 868 S.W.2d 363, 367 (Tex. App.--Dallas 1993, pet. ref'd). If the evidence supports the trial court's ruling, we do not disturb that ruling. *Johnson*, 864 S.W.2d at 713. We will uphold the trial court's ruling on any valid theory, regardless of whether the State argued it in the trial court or on appeal. *See Lewis v. State*, 664 S.W.2d 345, 347 (Tex. Crim. App. 1984); *Johnson*, 864 S.W.2d at 713.

All three of appellant's points of error hinge on his assertion that the police

conducted an illegal search of the residence at 209 Gramley.[1] However, before appellant can complain of the trial court's ruling on the motions to suppress, he must have standing to challenge the search.

## STANDING

A party does not have automatic standing to challenge the police officers' search under the Fourth Amendment. *Goehring v. State*, 627 S.W.2d 159, 164 (Tex. Crim. App. 1982). Rather, a party may challenge police conduct only if it infringes on his own Fourth Amendment rights. *See Lewis v. State*, 598 S.W.2d 280, 283 (Tex. Crim. App. [Panel Op.] 1980); *Black v. State*, 776 S.W.2d 700, 701 (Tex. App.--Dallas 1989, pet. ref'd). In order for a party to challenge the police officers' search, he bears the burden to prove that he had a legitimate expectation of privacy upon which the police improperly intruded. *Rakas v. Illinois*, 439 U.S. 128, 134 (1978); *Wilson v. State*, 692 S.W.2d 661, 667 (Tex. Crim. App. 1984) (op. on reh'g); *Black*, 776 S.W.2d at 701.

In order to determine if a party has standing to challenge the search and seizure, the court should consider whether he (1) had a property or possessory interest in the item seized or the place searched, (2) had complete dominion and the right to exclude others, (3) took precautions usually taken by those seeking privacy, (4) put the property to some private use, (5) made a claim of privacy consistent with historical notions, and (6) was

---

[1] Appellant's first point of error also complains of the trial court's failure to suppress his confession, but his argument does not address this issue. We therefore consider this argument waived. *See* TEX. R. APP. P. 74(f).

legitimately on the premises. *Calloway v. State*, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988); *Black*, 776 S.W.2d at 701.

The record shows that only Little gave 209 Gramley as his own address when he made his voluntary statement. Appellant gave his address as "2314 Ave C." In his voluntary statement, appellant did not claim any property or possessory interest in the residence at 209 Gramley, and he consistently referred to the residence as "Bryan's house." At the hearing on appellant's motion to suppress, only Little testified that he, appellant, and another man lived at 209 Gramley together. The trial judge was free to reject Little's testimony. *See Johnson*, 864 S.W.2d at 713. Similarly, the trial judge was free to accept that appellant had his residence at the address given in his voluntary statement. *See id.* Accordingly, the trial judge was free to conclude that appellant did not meet his burden of proving that he had a legitimate expectation of privacy in the residence at 209 Gramley and that appellant lacked standing to challenge the search.

Even if appellant had standing to challenge the search, he could not prevail on appeal. Viewing the evidence in the light most favorable to the trial court's ruling, the record contains evidence that the police officers entered the residence at 209 Gramley legally in response to a burglar alarm. Inside the house, the officers found a phone number and a name in plain view. Thinking the name and number might belong to the homeowner, the police had the dispatcher call the number. Only then did the police officers realize the cellular telephone was stolen. Without disturbing any of the property inside the residence,

the police officers called in a detective who obtained and executed a search warrant. Based on this evidence, the trial court did not abuse its discretion when it denied appellant's motions to suppress the evidence of stolen property and his subsequent confession.

In addition, it would be improper for this Court to weigh the factual sufficiency of the evidence elicited at the suppression hearing. At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony. *DuBose v. State*, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). The trial judge is also the initial arbiter of the legal significance of those facts. *Id.*; *see* TEX. R. CRIM. EVID. 104(a).

On appeal, we are to limit our review of the trial court's rulings, both as to the facts and the legal significance of those facts, to a determination of whether the trial court abused its discretion. *DuBose*, 915 S.W.2d at 496. We are specifically instructed to give deference to the trial court's ruling with regard to a motion to suppress. *See State v. Carter*, 915 S.W.2d 501, 504 (Tex. Crim. App. 1996). Even if we would have reached a different result, as long as the trial court's rulings are at least within the "zone of reasonable disagreement," we should not intercede. *Id.* at 496-97. We do not engage in our own factual review of a trial court's decision on a motion to suppress. *Johnson*, 864 S.W.2d at 713. Thus, the standard of review applied to the trial court's ruling on a motion to suppress precludes a factual sufficiency review. *See id.*; *Carter*, 915 S.W.2d at 504 ; *DuBose*, 915 S.W.2d at 496-97. Because we conclude appellant had no standing to challenge the search of 209 Gramley,

we overrule appellant's points of error one, two, and three.

We affirm the trial court's judgments.

_____
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 90
951613F.U05