Opinion issued April 14, 2005











 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00180-CR




SCOTT ALLEN RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 950771




MEMORANDUM OPINION



          Appellant, Scott Allen Richardson, was indicted for aggravated robbery. 
Appellant pleaded not guilty. A jury returned a conviction on the lesser-included
offense of robbery. Tex. Pen. Code Ann. § 29.02 (Vernon 2003). The trial court
assessed punishment at confinement for 18 years. 
          In his sole issue, appellant contends that the trial court erred in denying his
motion to suppress a set of keys seized as a result of a warrantless arrest and search
of the home where he was arrested. 
          We affirm.
Background
           On June 2, 2003, complainant, Edwin Melendez, drove his Ford truck into a
Houston Chevron station to fill up his tank. As Melendez walked into the store to
pay, two men approached and attempted to sell a drill to him. Melendez refused. 
While in the store, Melendez realized that he had forgotten his wallet and returned to
his truck to retrieve it. While standing in the driver’s doorway and leaning over the
seat to find it, he was struck from behind on the shoulder with a chrome object that
appeared to be a gun. Melendez turned quickly to see what hit him as he fell down,
dropping his keys onto the seat of his truck. He recognized the assailant, later
identified as appellant, as one of the men he had seen earlier with the drill.
          Appellant stepped over Melendez, got into the truck, grabbed the keys, and
started to drive away. Melendez scrambled to his feet and tried to hold onto the truck
from the driver’s door. Appellant initially got away, but had to stop for considerable
traffic before pulling out of the station. Melendez ran after the truck and attempted
to grab appellant through the open window on the passenger side. They engaged in
a brief struggle before appellant shoved Melendez from the window and sped away. 
          Melendez noted that appellant was balding and heavily tattooed on his face,
neck, and arms. Specifically, appellant had a star tattoo below his eye and a spider-web tattoo around his neck. Melendez reported the incident to police, describing
appellant by his distinguishing tattoos. 
          The next day, the truck was located in the driveway of a residence through its
anti-theft tracking device. Officers verified that the truck was the one stolen from
Melendez and knocked on the door of the house. Appellant answered the door. 
Officers immediately saw that he fit the unique description given by Melendez. 
Because the nature of the complaint involved a gun, officers detained appellant while
other officers conducted a protective sweep of the house. During the sweep, officers
saw a key ring displaying a Ford emblem sitting on the kitchen counter. An officer
squeezed the alarm device, setting off the alarm on the truck in the driveway. 
Appellant was arrested, and Melendez later identified him in a photo lineup. 
A.      Standard of Review
          A trial court’s ruling on a motion to suppress evidence will not be set aside
unless an abuse of discretion is found. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996); State v. Derrow, 981 S.W.2d 776, 778 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d). We must afford almost total deference to the trial court’s
determination of facts supported by the record, especially when the findings are based
on the evaluation of the witnesses’ credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
          In reviewing the trial court’s ruling, we apply a bifurcated standard of review. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost
total deference to the trial court’s determination of the historical facts and conduct a
de novo review of the trial court’s application of the law to those facts. Id. The trial
court is the exclusive finder of fact in a motion to suppress hearing, and it may choose
to believe or disbelieve any or all of any witness’s testimony. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000).
          Where, as here, the trial court does not make explicit findings of fact, we
review the evidence in the light most favorable to the trial court’s ruling. Carmouche,
10 S.W.3d at 327–28. We must assume the trial court made implicit findings of fact
supported by the record that buttress its conclusion. Id. at 328. Because we do not
determine credibility, our de novo review of reasonable suspicion, probable cause,
consent, and mixed questions of law and facts becomes a de novo review of legal
questions. Derrow, 981 S.W.2d at 778 (citing Ornelas v. United States, 517 U.S.
690, 697–99, 116 S. Ct. 1657, 1661–62 (1996)).
B.      Motion to Suppress
          Appellant brought a motion to suppress all physical evidence and statements
surrounding the warrantless arrest and search because, he alleged, they occurred in
violation of state and federal constitutions, as well as Code of Criminal Procedure,
article 38.23. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon Supp. 2004–2005). In his sole issue on appeal,
appellant specifically contends that the trial court erred in denying his motion to
suppress “the keys” found by police at the residence where appellant was arrested
because they were the fruit of an illegal arrest and search.
C.      Standing
          First, we must consider whether appellant has standing to challenge the search. 
Granados v. State, 85 S.W.3d 217, 222 (Tex. Crim. App. 2002). The State asserts
that, although appellant refers to the residence searched as “his house” in his brief,
there is no evidence in the record that the residence actually belonged to appellant or
that he had any legitimate expectation of privacy in the house. 
           The United States Supreme Court has “declared that the application of Fourth
Amendment rights are personal in nature and are invariably intertwined with the
concept of standing.” State v. Klima, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996)
(citing discussion in Wilson v. State, 692 S.W.2d 661, 667 (Tex. Crim. App. 1985)
of Rakas v. Illinois, 439 U.S. 128, 99 S. Ct. 421 (1978)). The Court of Criminal
Appeals has held that, although the issue of standing is not raised in the trial court by
either party, the State may raise the issue of standing for the first time on appeal. 
Wilson, 692 S.W.2d at 671 (holding that the reviewing court may properly sustain the
trial court’s denial of suppression motion on the ground that evidence failed to
establish standing as a matter of law, even though the record does not reflect the issue
was ever considered by the parties or by the trial court). 
          From the outset, appellant, as the party bringing the motion to suppress, bears
the burden of establishing all of the elements of his Fourth Amendment claim. State
v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). To show standing, an
appellant must (1) establish a legitimate expectation of privacy in the premises and
(2) show there was an illegal search. Rawlings v. Kentucky, 448 U.S. 98, 104–05,
100 S. Ct. 2556, 2561 (1980); Wilson, 692 S.W.2d at 666–67; Villarreal v. State, 893
S.W.2d 559, 561 (Tex. App.—Houston [1st Dist.] 1995, aff’d, 935 S.W.2d 134 (Tex.
Crim. App. 1996). 
          Expectation of Privacy
          The United States Supreme Court “has consistently held that [a] defendant
bears the burden of proving that he had a legitimate expectation of privacy in the
premises searched.” Wilson, 692 S.W.2d at 667 (citing Rawlings, 448 U.S. at
104–05, 100 S. Ct. at 2561; Rakas, 439 U.S. at 130 n.1, 148, 99 S. Ct. at 433 n.1). 
The Court of Criminal Appeals has construed Rakas as putting defendants on notice
that showing a privacy interest in the place searched is an element of their Fourth
Amendment claim. Klima, 934 S.W.2d at 110 (citing Wilson, 692 S.W.2d at 669). 
          Appellant meets his burden of showing a legitimate expectation of privacy by
establishing that he had a subjective expectation of privacy in the premises that
society recognizes as reasonable. Granados, 85 S.W.3d at 223. Several factors are
relevant to the consideration of whether a privacy interest is objectively reasonable:
(1) whether the accused had a property or possessory interest in the place searched;
(2) whether he was legitimately in the place searched; (3) whether he had complete
dominion or control and the right to exclude others; (4) whether, prior to the search,
he took normal precautions customarily taken by those seeking privacy; (5) whether
the property was put to some private use; and (6) whether the claim of privacy is
consistent with historical notions of privacy. Id. 
          Here, little evidence exists to aid in determining whether appellant had a
legitimate expectation of privacy in the house. In appellant’s favor, the evidence
shows that appellant referenced the residence as “his house.” In addition, the
testimony shows that when officers arrived at the house and knocked on the door,
appellant answered it. This tends to suggest he had a possessory interest in the house,
was legitimately there, and was asserting some control over who was entering the
premises. Villarreal, 893 S.W.2d at 561 (citing Black v. State, 776 S.W.2d 700, 701
(Tex. App.—Dallas 1989, pet. ref’d)). In addition, the evidence shows that, prior to
transporting appellant to the police station, officers called an ambulance to treat him
for a spider bite. The testimony shows that officers became aware of the bite when
appellant, who was dressed in shorts, told the officers he wanted to go put on long
pants. Having belongings, such as clothing, on the premises is a factor that can show
a possessory interest in the property and that a legitimate privacy interest exists. Cf.
Calloway v. State, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988) (finding that “[a]n
individual who has no possessory interest . . . in the premises, but is a guest, has no
clothes in the house, or other belongings, has no legitimate privacy interest in the
premises searched”). 
          This evidence tends to suggest that appellant was more than just a guest at the
house and that he had a legitimate expectation of privacy. Compare Minnesota v.
Olsen, 495 U.S. 91, 96–99, 110 S. Ct. 1684, 1688–89 (1990) (concluding that even
overnight guests have “an expectation of privacy in the home that society is prepared
to recognize as reasonable”) with Villarreal, 893 S.W.2d at 561 (declining to extend
the reasoning in Minnesota, but on specific evidence that defendant was invited
guest). We conclude that the evidence is sufficient to show that appellant established
a legitimate expectation of privacy in the residence searched. 
          Lawfulness of the Search
          Having found that appellant has established standing to challenge the search,
the burden shifts to the State to establish the validity of the search. See Mercado, 972
S.W.2d at 78. We address this question below.
D.      Constitutional and Statutory Protections
          The United States Constitution protects the “right of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and seizures”
and imposes a general warrant requirement. U.S. Const. amend. IV; Katz v. United
States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967). Warrantless searches are per se
unreasonable subject only to a few specifically established and well-delineated
exceptions. Tex. Const. art. I, § 9; Katz, 389 U.S. at 357, 88 S. Ct. at 514. Any
evidence obtained in violation of the constitution or laws of the Unites States or the
State of Texas must be excluded. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon
Supp. 2004–2005).
          1.       Warrantless Entry to Arrest 
          To justify a warrantless arrest, the State must prove the existence of probable
cause and that the arrest falls within one of the exceptions to the warrant requirement
found in Code of Criminal Procedure, article 14. Tex. Code Crim. Proc. Ann. art.
14.01–14.05 (Vernon 1977 & Supp. 2004–2005); Covarrubia v. State, 902 S.W.2d
549, 553 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d) (citing Stull v. State, 772
S.W.2d 449, 451 (Tex. Crim. App. 1989)). Further, an officer may not enter a
residence to make a warrantless arrest unless a resident of the house consents to the
entry, or exigent circumstances require the officer to enter without consent or a
warrant. Tex. Code Crim. Proc. Ann. art. 14.05 (Vernon Supp. 2004–2005).
          Probable Cause
          Probable cause exists when, at the moment of the arrest, officers have
reasonably trustworthy information sufficient to warrant a reasonable person to
believe a particular person has committed or is committing an offense. Tex. Code
Crim. Proc. Ann. art. 14.01 (Vernon 1977); Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997). In considering whether probable cause existed before the
arrest, we examine the cumulative information known to all the officers participating
in the arrest. Covarrubia, 902 S.W.2d at 553. Police broadcasts which report a
felony based on probable cause and a description of the perpetrator satisfy the
requirements for a warrantless arrest. Goldberg v. State, 95 S.W.3d 345, 362 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (citing Law v. State, 574 S.W.2d 82, 84
(Tex. Crim. App. 1978)).
          Here, the evidence showed that the dealership that sold Melendez his truck
installed an anti-theft tracking device in the truck. The dealership used the device to
track the truck’s specific signal. Melendez identified his truck in the driveway of a
residence.


 Officers were dispatched, who confirmed the presence of the stolen truck
and knocked on the door of the residence. Beaver v. State, 106 S.W.3d 243, 248 n.4
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (noting that officer is permitted to
knock on door for investigative purposes). When appellant answered, police
immediately and positively identified him as the person matching the description of
the assailant from his extensive tattooing—including the star tattoo on his face and
spider-web tattoo around his neck.
          Exception to the Warrant Requirement
          Article 14.03(a)(1) provides that a person found in a suspicious place and under
circumstances which reasonably show that such person has been guilty of a felony
may be arrested without a warrant. Tex. Code Crim. Proc. Ann. art. 14.03(a)(1)
(Vernon Supp. 2004–2005). A place may be rendered a suspicious place, so as to
invoke article 14.03(a)(1), based upon facts known to the officer at the time of the
arrest and the reasonable inferences one could draw from those facts. Goldberg, 95
S.W.3d at 363. 
          Here, a truck matching the description, license number, and tracking signal of
the truck reported stolen by Melendez was found in the driveway of the house where
appellant was found. Although not an inherently suspicious place, the house was
rendered such by the presence of the stolen truck, which reasonably connected
appellant with the felony at issue. See id. at 363–64; see also Mitchell v. State, 756
S.W.2d 71, 74 (Tex. App.—Texarkana 1988, no pet.). 
          Based on these facts, we conclude that the trial court did not abuse its
discretion in concluding that the arrest of appellant was valid. It was based upon
probable cause and the fact that appellant was found in a suspicious place. In
addition, appellant was arrested in his doorway after he opened the door. Officers
validly entered the residence in making the arrest because protecting the arresting
officers from other persons whom they reasonably believed to be present, armed, and
dangerous created an exigent circumstance. McNairy v. State, 835 S.W.2d 101, 107
(Tex. Crim. App. 1991). 
          2.       Warrantless Search
          The State bears the burden to justify the warrantless search of a residence. 
Beaver, 106 S.W.3d at 246–47 (citing Brimage v. State, 918 S.W.2d 466, 482 (Tex.
Crim. App. 1994)). The State must show that it had probable cause at the time the
search was made and that there were exigent circumstances that made it impractical
to procure a warrant. McNairy, 835 S.W.2d at 106. Exigent circumstances justifying
a warrantless entry include, inter alia, protecting officers from persons whom they
reasonably believe to be present, armed, and dangerous. Id. at 107. In such
situations, protective sweeps may be conducted to protect the safety of officers and
justify a warrantless entry. Reasor v. State, 12 S.W.3d 813, 815 (Tex. Crim. App.
2000) (citing Maryland v. Buie, 494 U.S. 325, 328, 110 S. Ct. 1093, 1095 (1990)).
          Due to the nature of the complaint—that it involved an alleged armed
robbery—officers were justified in making a cursory search of the house for any other
people who might possess weapons. See id. The evidence showed that officers only
searched in places where a person with a weapon could be hiding. They did not
independently search for weapons.
          Once inside a residence, officers may seize evidentiary items in plain view if
(1) the initial intrusion was proper, or the police had a right to be where they were
when the discovery was made; and (2) it was immediately apparent to the police that
they had evidence before them. Beaver, 106 S.W.3d at 249.
          As discussed above, officers were lawfully in the residence where appellant
was arrested. The evidence showed that officers saw a set of keys in plain view on
the kitchen counter. The key ring displayed a Ford emblem, apparently
corresponding to the stolen vehicle. The testimony showed that an officer squeezed
the alarm device, activating the alarm on the stolen truck. The keys were properly
seized, so the officers’ testimony concerning the keys was properly admitted.
          We overrule appellant’s sole issue.
Conclusion
We affirm the judgment of the trial court.



                                                         Laura Carter Higley
                                                         Justice
 
Panel consists of Justices Higley, Nuchia, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).