**The STATE of Texas, Appellant,**

v.

**Michael DERROW, Appellee.**

**No. 01–97–01005–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 24, 1998.

Kent Schaffer, David R. Bires, Houston, for Appellant.

John B. Holmes, Rikke Burke Graber, Houston, for Appellee.

Before O'CONNOR, TAFT, and SMITH,* JJ.

## OPINION

TAFT, Justice.

Appellee, Michael Derrow, was charged with possession of cocaine, weighing more than four grams and less than 200 grams, with intent to manufacture or deliver. Appellee filed a motion to suppress evidence. Following an evidentiary hearing, the trial court granted the motion, and the State appealed.[1] We address whether the person to whom something is handed, in an apparent attempt to hide it from approaching officers, may give consent to a search of it. We reverse.

---

* The Honorable Jack B. Smith Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. See TEX.CRIM. PROC.CODE ANN. § 44.01(a)(5) (Vernon Supp.1998).

## Facts

The facts, as found by the trial court, are as follows. On March 20, 1995, Harris County Sheriff's Deputies Fuse and Placious were on patrol. They initiated a traffic stop of a Dodge Neon driven by appellee because neither the driver nor the passenger, Donald Williams, was wearing a seat belt and the vehicle was not displaying a rear license plate.

After stopping the car, Fuse approached the driver's side of the car from the rear. He observed appellee hand a closed brown paper bag to Williams. Williams took the bag and placed it between the passenger's seat and the center console. Fuse thought appellee's and Williams's movements were furtive and that they were attempting to hide the bag. Fuse then asked appellee to get out of the car for the officers' safety. After appellee produced a valid driver's license, Fuse asked if appellee had anything he should not have. Appellee pulled a large sum of money out of his pocket. Fuse then instructed appellee to step to the back of the car to speak with Placious.

Fuse then asked Williams, who was still sitting in the passenger's seat, for identification. Williams produced an inmate card from the Texas Department of Criminal Justice. Fuse asked Williams if he could look in the bag to ascertain if anything illegal or a weapon was inside. Williams said "yes" and handed the bag to Fuse. As Fuse opened the bag revealing a large cookie of crack cocaine, Williams stated that the dope was not his. Both appellee and Williams were arrested. The deputies determined appellee had rented the car.

## Standard of Review

██ We generally review a trial court's ruling on a motion to suppress for abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Strickland v. State*, 923 S.W.2d 617, 620 (Tex.App.—Houston [1st Dist.] 1995, no pet.). We afford almost total deference to the trial court's fact findings, as we review the evidence in the light most favorable to the trial court's ruling. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Because we do not determine credibility, our *de novo* review of authority to consent, reasonable suspicion, and probable cause, mixed questions of law and facts, becomes a *de novo* review of legal questions. *Ornelas v. United States*, 517 U.S. 690, 697–99, 116 S.Ct. 1657, 1661–62, 134 L.Ed.2d 911 (1996); *Guzman*, 955 S.W.2d at 87–89. On appeal, we are limited to determining whether the trial court erred in applying the law to the facts. *Id.*

## Common Authority to Consent

The State's sole point of error contends the trial court erred by granting appellee's motion to suppress because the search and seizure were based on valid consent by a third party. The State argues that Williams had common authority to consent to the search of the brown bag.

██ One of the established exceptions to the warrant and probable cause requirements of the Fourth Amendment is a search conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973). Constitutional proscriptions against warrantless searches and seizures do not come into play when a person gives free and voluntary consent to a search. *See Brimage v. State*, 918 S.W.2d 466, 480 (Tex.Crim.App.1994) (voluntary consent to warrantless searches violates neither the United States or Texas Constitution, nor the laws of Texas). Consent can be given by the individual whose property is searched or by a third party who possesses common authority over the premises. *Illinois v. Rodriguez*, 497 U.S. 177, 179–81, 110 S.Ct. 2793, 2796–97, 111 L.Ed.2d 148 (1990). A third party properly consents to a search when he has control over and authority to use the premises being searched. *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *Garcia v. State*, 887 S.W.2d 846, 851 (Tex.Crim.App. 1994). The Supreme Court has defined "common authority" as the "mutual use of the property by persons generally having joint access or control for most purposes, so that each has a right to permit inspection in his own right and the other has assumed the

risk thereof." *Matlock,* 415 U.S. at 171 n. 7, 94 S.Ct. at 993 n. 7.

■ It is well established that drug possession need not be exclusive, and that an individual can possess drugs jointly with others. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988). A person in joint possession necessarily has the "joint access or control" which, as the United States Supreme Court held in *Matlock,* defines common authority.

■ To convict of unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband; and (2) that the accused knew the matter was contraband. *Martin,* 753 S.W.2d at 385. Mere presence in a location where drugs are possessed does not constitute joint possession; rather, evidence of knowledge of the contraband and control over the contraband must affirmatively link the accused to the contraband. *Id.*

Circumstances we have held to indicate joint possession are: (1) presence when the search was executed; (2) contraband in plain view; (3) proximity to and accessibility of the contraband; (4) accused under the influence of contraband when arrested; (5) accused's possession of other contraband when arrested; (6) accused's incriminating statements when arrested; (7) attempted flight; (8) furtive gestures; (9) odor of the contraband; (10) presence of other contraband; (11) accused's right to possession of the place where contraband was found; and (12) drugs found in an enclosed place. *Chavez v. State,* 769 S.W.2d 284, 288–89 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

■ The trial court's findings of fact show that Williams's involvement implicated at least four of the factors listed in *Chavez:* (1) presence; (2) proximity/accessibility; (3) incriminating statement; and (4) furtive gesture. Williams was present when the bag was searched. Williams was in close proximity to the bag containing the cocaine. He was seen in actual possession of it, while

2. We note that, during the suppression hearing, defense counsel told the trial court that

secreting it between the console of the car and his seat. The arresting officer testified that Williams, like appellee, was handling the bag in a furtive manner. When asked by the officer for permission to search, Williams gave permission rather than denying the authority to do so. Even when Williams attempted to disclaim ownership by stating that the "dope" was not his, he incriminated himself by admitting that he knew the bag he had attempted to conceal contained contraband.[2] Based on the facts found by the trial court, we hold that Williams was in joint possession of the bag and its contents. Therefore, as a matter of law, Williams had common authority to consent to the search.

We sustain the State's sole point of error.

### Conclusion

We reverse the ruling of the trial court and remand for further proceedings.

"[Williams] has already pled guilty to possession in this case."