In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-02-00140-CR
           01-02-00141-CR
____________

DEWAYNE LEE WALDRUP, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause Nos. 882444, 882445 




MEMORANDUM OPINIONA jury found appellant, Dewayne Lee Waldrup, guilty of possession of a
controlled substance, namely (1) cocaine weighing more than 4 grams and less than
200 grams, in trial court cause number 882444, and (2) a compound containing not
more than 200 milligrams of codeine weighing more than 400 grams in aggregate
weight, in trial court cause number 882445. The jury assessed punishment at 5 years’
confinement in cause no. 882444, and 15 years’ confinement in cause number
882445. In his first and second points of error, appellant challenges the legal
sufficiency of the evidence to support his convictions in cause numbers 882444 and
882445, respectively. In his third point of error, appellant contends that if the
evidence was sufficient in cause number 882445 under a “hypothetically correct”
charge, then there was harmful charge error. In his fourth point of error, appellant
contends that the trial court erred in stacking the sentences. We modify, and as
modified, affirm.
Background
          Undercover narcotics officers of the Houston Police Department, Darren Fuller
and Carl Smith, were working in a neighborhood known for having a high incidence
of narcotics transactions when they observed a blue Intrepid stop, and a man run up
and get into the passenger side of the car. After the driver, appellant, and the
passenger turned their bodies toward the console, they looked down and made some
questionable gestures. Officer Fuller thought that he was observing an illegal
narcotics transaction. The Intrepid drove away, and Officers Fuller and Smith
followed in an unmarked car. Another Houston Police Officer, James Gratz, also
began to follow the Intrepid in a marked car. All the officers then observed the
Intrepid drive through an intersection without stopping at a stop sign.
          Based on this violation, Officer Gratz stopped the Intrepid, and the other
officers stopped behind Gratz’s vehicle. Officers Smith and Gratz testified that
appellant made several movements. Upon request, appellant got out of the Intrepid
and accompanied Officer Gratz to the rear of the car. Officer Fuller then observed the
passenger pick up a medicine bottle from the floorboard and try to push it into the
glove compartment. Upon request, the passenger got out of the Intrepid, and Officer
Smith retrieved the bottle that appeared to contain crack cocaine from the glove
compartment. When the passenger left the Intrepid, a bottle with a Big Red label fell
to the floorboard. 
          Officer Fuller then conducted a more extensive search of the Intrepid. He
found another medicine bottle, with its label scratched off, lying on the driver’s side
floorboard. Officer Fuller opened up the bottle, smelled its contents, and concluded
that it contained codeine. He also testified that he smelled crack cocaine in the
vehicle and subsequently found a metal box under the driver’s seat containing crack
cocaine, (State’s Exhibit 3), and a baby bottle full of codeine, (State’s Exhibit 2). 
          Appellant was arrested, and Officer Gratz found $1,830.00 in his right front
pants pocket and $85 in the center console of the Intrepid. At police headquarters,
a narcotic detector dog alerted to the currency. 
          The passenger testified that he pled guilty to possession of the cocaine and
codeine that he was seen handling, and that he did not put any narcotics on the
driver’s side floorboard or under the driver’s seat. The passenger also testified that
appellant did not know about the narcotics in the passenger’s possession. The
passenger further testified that the police recovered the $85.00 from his pocket, not
from the center console.
          A chemist with the Houston Police Department Crime Lab, Rick Viser, testified
that he had conducted a spot test on the medicine bottle found under appellant’s seat
and the baby bottle and that both contained codeine. The chemist testified that the
mixture in the medicine bottle weighed 148 grams, and the mixture in the baby bottle
weighed 297.5 grams. A spot test conducted on State’s Exhibit 3 revealed 10 grams
of crack cocaine. 
          The Intrepid driven by appellant was rented from Alamo Rent-a-Car. An
administrative clerk for Alamo Rent-a-Car, Barbara Slaughter, testified that cars
returned to Alamo are cleaned and vacuumed, including under the seats, before they
are rented again. She said that no items were found in the Intrepid before its rental
to appellant’s friend. 
Legal Sufficiency
          Standard of Review
          In his first and second points of error, appellant challenges the legal sufficiency
of the evidence to support his convictions in the two causes. We review the legal
sufficiency of the evidence by viewing the evidence in the light most favorable to the
verdict to determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).
          Appellant was charged with possession of a controlled substance, namely
cocaine, weighing more than 4 grams and less than 200 grams by aggregated weight,
in cause number 882444, and with possession of a controlled substance, namely a
compound containing not more than 200 milligrams of codeine, weighing more than
400 grams in aggregate weight, in cause number 882445. Appellant argues that the
evidence was insufficient to prove beyond a reasonable doubt that he knowingly or
intentionally possessed the cocaine and the codeine.
          To convict the accused of unlawful possession of a controlled substance, the
State must prove two elements: (1) that the accused exercised care, custody, control,
and management over the contraband; and (2) that the accused knew the matter was
contraband. Gilbert v. State, 874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d); see also Tex. Penal Code §1.97(39) (Vernon 1994). Mere
presence in a location where narcotics are possessed does not necessarily establish
possession; rather, evidence of knowledge of the contraband and control over the
contraband must affirmatively link the accused to the contraband. Id.
          We have held that the following circumstances are evidence of affirmative
links: (1) presence when the search was executed, (2) contraband in plain view, (3)
proximity to and accessibility of the contraband, (4) accused under the influence of
contraband when arrested, (5) accused’s possession of other contraband when
arrested, (6) accused’s incriminating statements when arrested, (7) attempted flight,
(8) furtive gestures, (9) odor of the contraband, (10) presence of other contraband,
(11) accused’s right to possession of the place where contraband was found, and (12)
narcotics found in an enclosed place. State v. Derrow, 981 S.W.2d 776, 778 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d).
          The number of affirmative links present is not as important as the logical force
they have in establishing the elements of the offense. Corpus v. State, 30 S.W.3d 35,
37-38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). We view the totality of the
facts and circumstances. Sosa v. State, 845 S.W.2d 479, 483-84 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d).
          The evidence shows that appellant had multiple affirmative links to the cocaine
and the codeine in the medicine bottle and the baby bottle. First, appellant was
present when the search was executed. Appellant was the driver of the vehicle that
was searched. Second, appellant was in close proximity to the cocaine and the
codeine which were found under the driver’s seat. Third, other contraband, codeine
and cocaine, respectively, were also found on the driver’s side of the Intrepid. 
Fourth, Officer Smith testified that appellant made movements toward the floorboard
and that the passenger did not make any movements that would suggest that he was
putting something in the driver’s side. Officer Gratz gave similar testimony. Officers
Fuller and Smith testified that as soon as the passenger got into the Intrepid, appellant
and the passenger made movements toward the center console that aroused the
officers’ suspicion. Fifth, while he was searching the driver’s side, Officer Fuller
smelled the odor of crack cocaine. Sixth, the jury could have concluded that
appellant had a right to possess the Intrepid where the contraband was found because
his friend rented it and because he was driving it. Lastly, the contraband was found
in an enclosed place, i.e., inside the Intrepid.
          Moreover, a narcotic detection dog alerted to the currency found in appellant’s
pocket and in the Intrepid. The rental car representative testified that there were no
items under the driver’s seat before the Intrepid was rented to appellant’s friend. 
And, the passenger, who pled guilty to possession of controlled substance in
connection with this transaction, stipulated that he and appellant committed the
offenses of possession of cocaine and codeine.
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found, beyond a reasonable doubt, that appellant knowingly and
intentionally possessed more than four grams and less than 200 grams of cocaine and
more than 400 grams of codeine.
          We overrule appellant’s first and second points of error.
          Because we hold that the evidence was legally sufficient to support the jury’s
finding that appellant possessed over 400 grams of codeine, we do not address his
third point of error.
Stacking Sentences
          In his fourth point of error, appellant contends that the trial court erred in
cumulating or stacking the sentences. After the jury assessed punishment in both
cause numbers, the trial court ordered that the second sentence run only after the first
sentence is completed. 
          Section 3.03(a) of the Penal Code provides:
          When the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted
in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. 
Except as provided by Subsection (b), the sentences shall
run concurrently.
 
Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2002). The Penal Code defines
“criminal episode” as (1) offenses committed pursuant to the same transaction or
pursuant to two or more transactions that are connected or constitute a common
scheme or plan, or (2) offenses that are the repeated commissions of the same or
similar offenses. Tex. Penal Code Ann. § 3.01 (Vernon 1994). 
          Appellant’s convictions for possession of cocaine and possession of codeine
were offenses that arose out of the same criminal episode because he possessed the
cocaine and codeine at the same time. He was prosecuted for both offenses in the
same criminal action. None of the exceptions in Subsection (b) apply to this case. 
Therefore, appellant’s sentences shall run concurrently.
          We sustain appellant’s fourth point of error and order that the judgment in
cause number 882444 be reformed to delete the cumulation order. 
Conclusion
          We affirm the trial court’s judgment in cause number 882445. We modify the
trial court’s judgment in cause number 882444 to delete the cumulation order. As
modified, we affirm the judgment in cause number 882444. 
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).