In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00172-CR
____________

TORRANCE Y. BARNES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 883280




O P I N I O NA jury found appellant, Torrance Y. Barnes, guilty of the offense of possession
of a controlled substance, namely cocaine, weighing more than one gram and less
than four grams by aggregate weight. The jury also found the allegations in two
enhancement paragraphs were not true and assessed punishment at 10 years’
confinement. In two points of error, appellant challenges the legal and factual
sufficiency of the evidence supporting his conviction. We affirm.
BackgroundOfficer William McPherson, while executing a search warrant at a two-bedroom home in Harris County, found appellant lying on a bed in the northwest
bedroom. The officer found an amber-colored pill bottle sitting on a dresser located
at the foot of the bed. The contents of the pill bottle later tested positive for cocaine. 
Several pieces of personal mail, including a social security statement and a pay stub
in appellant’s name, were found next to the dresser. A clothes rack located near the
dresser contained men’s and women’s clothing. Appellant fit into the men’s clothing. 
A jersey was lying on the floor in the corner of the bedroom. The officer found a
photo album in the living room that contained pictures of appellant, including a
picture of him wearing the same jersey that was found on the floor of the bedroom. 
Sufficiency of the EvidenceIn his first and second points of error, appellant challenges the legal and
factually sufficiency of the evidence supporting his conviction. We review the legal
sufficiency of the evidence by viewing the evidence in the light most favorable to the
verdict to determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000). In reviewing the factual sufficiency of the evidence, we examine all the
evidence in a neutral light and ask whether proof of guilt is so obviously weak or
greatly outweighed by contrary proof as to indicate that a manifest injustice has
occurred. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). In conducting
our analysis, we must avoid substituting our judgment for that of the fact-finder. Id.
Affirmative Links
          To convict an accused of unlawful possession of a controlled substance, the
State must prove two elements: (1) that the accused exercised care, custody, control,
and management over the contraband; and (2) that the accused knew the matter was
contraband. Gilbert v. State, 874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d); see also Tex. Health & Safety Code Ann. § 481.002(38) (Vernon
1992) . Mere presence in a location where narcotics are possessed does not
necessarily establish possession; rather, evidence of knowledge of the contraband and
control over the contraband must affirmatively link the accused to the contraband. 
Id.
          We have held that the following circumstances are evidence of affirmative
links: (1) presence when the search was executed; (2) contraband in plain view; (3)
proximity to and accessibility of the contraband; (4) accused under the influence of
contraband when arrested; (5) accused’s possession of other contraband when
arrested; (6) accused’s incriminating statements when arrested; (7) attempted flight;
(8) furtive gestures; (9) odor of the contraband; (10) presence of other contraband;
(11) accused’s right to possession of the place where contraband was found; and (12)
narcotics found in an enclosed place. State v. Derrow, 981 S.W.2d 776, 778 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d).
          The number of affirmative links present is not as important as the logical force
they have in establishing the elements of the offense. Corpus v. State, 30 S.W.3d 35,
37-38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). We view the totality of the
facts and circumstances. Sosa v. State, 845 S.W.2d 479, 483-84 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d).
          The evidence shows that appellant had multiple affirmative links to the cocaine
in the pill bottle. First, appellant was present when the search was executed. 
Appellant was lying in bed in the house that was searched. Second, the cocaine was
in plain view. The cocaine was found sitting on the dresser and the officer testified
that it was in plain view. Third, because the dresser was located at the foot of the
bed, appellant was in close proximity to the cocaine. Fourth, the jury could have
concluded that appellant had a right to possess the house where the contraband was
found because (a) he was the only one there when the search was conducted, (b) he
was lying in bed, (c) his pictures were found in a photo album in the living room, (d) 
men’s clothing that fit appellant was found in the closet and on the floor, and (e)
several pieces of personal mail, including a social security statement and a pay stub
in appellant’s name, were found next to the dresser. Lastly, the contraband was found
in an enclosed place, i.e., inside the bedroom where appellant was found lying in bed.
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found, beyond a reasonable doubt, that appellant knowingly and
intentionally possessed more than one gram and less than four grams of cocaine. 
          Therefore, we overrule appellant’s first point of error.
          Finding the evidence legally sufficient, we proceed to appellant’s second point
of error, his factual sufficiency claim. In addition to the evidence that we considered
under the legal sufficiency point of error, we now consider the rest of the evidence. 
          Appellant argues that, because the State’s evidence shows that there were two
residents of the house, the State cannot prove that he possessed the cocaine. The
record reveals that, on the dresser, next to the bottle of cocaine, were two packs of
cigarettes that were of different brands. The clothes rack contained both men’s and
women’s clothing. Although the mail the officer found was in appellant’s name, the
address on the mail was different than the address of the house that was searched. 
Furthermore, the State did not test the pill bottle for appellant’s fingerprints.
          However, evidence is not factually insufficient merely because appellant offers
a different explanation for the facts. Russell v. State, 665 S.W.2d 771, 776 (Tex.
Crim. App. 1983); Sosa v. State, 845 S.W.2d at 483. We cannot say that proof that
appellant possessed the cocaine is so obviously weak or greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. 
          Therefore, we overrule appellant’s second point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.