Opinion issued May 20, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01217-CR




MARSHALL ALEXANDER THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 897099




MEMORANDUM OPINION

          Appellant, Marshall Alexander Thompson, pleaded not guilty to the felony
offense of possession of a controlled substance, namely cocaine, weighing less than
one gram by aggregate weight including adulterants and dilutants. A jury found
appellant guilty, and the trial court assessed punishment at 14 months’ confinement
in state jail. In three issues, appellant contends that the evidence is legally and
factually insufficient to sustain his conviction and that the trial court erred by refusing
to allow a defense witness to testify that a codefendant admitted ownership of the
cocaine. We affirm.
Background
          In response to complaints regarding illegal drug activity, Metropolitan Transit
Authority (“Metro”) Police Officers Swainson, Ford, and Jefferson, were conducting
an undercover surveillance operation on a Metro bus-stop shelter on December 18,
2001. The shelter was located at 5500 Martin Luther King Boulevard in Houston,
Harris County, Texas, and the officers positioned themselves in a parking lot
approximately two to three car-lengths away from the shelter. Using binoculars, the
officers observed two men in the shelter passing a marijuana cigar between
themselves. Shortly thereafter, an Oldsmobile sedan pulled up alongside the bus
shelter. Two men were seated in the front seat of the sedan and two women and one
man were seated in the back seat. The officers saw the two women leave the back
seat of the sedan, interact with the two men in the shelter, and then return to the back
seat of the sedan. The officers then saw the two men in the front seat of the sedan
pass a marijuana cigar back and forth.
          The officers detained the two men in the bus-stop shelter and approached the
sedan. Officer Swainson saw appellant sitting in the front passenger seat. Appellant
attempted to get out of the sedan, but Swainson ordered him back inside. When the
officers subsequently ordered appellant out of the vehicle, both Swainson and Ford
saw a plastic bag containing six marijuana cigars and two crack cocaine rocks. The
plastic bag was in plain view on the front passenger seat where appellant had been
sitting.
          The officers searched the sedan and found a still-burning marijuana cigar on
the front passenger floorboard and approximately 15 crack cocaine rocks in a baggie
beneath the front floormat on the driver’s side. The officers arrested appellant and
Warren Allison, the driver of the sedan, and charged them with possession of a
controlled substance. The officers found $1,740 in cash money in small
denominations in appellant’s possession during their search of his person.
Legal Sufficiency
          In his first issue, appellant claims that the evidence is legally insufficient to
support his conviction for possession of a controlled substance, namely cocaine,
weighing less than one gram.
          In assessing legal sufficiency, we determine whether, based on all of the record
evidence, viewed in the light most favorable to the verdict, a rational jury could have
found the accused guilty of all of the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89
(1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). In
conducting our review of the legal sufficiency of the evidence, we do not reevaluate
the weight and credibility of the evidence, but only ensure that the jury reached a
rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).
          In a possession-of-a-controlled-substance case, the State must prove that the
defendant (1) exercised care, custody, control, or management over the controlled
substance and (2) knew that the substance in his possession was a controlled
substance. Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(a) (Vernon
2003 & Supp. 2004); see King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995);
Roberson v. State, 80 S.W.3d 730, 734-35 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). When, as here, a defendant is not in exclusive possession of the place where
the controlled substance is found, the State must prove sufficient, additional
independent facts and circumstances that affirmatively link the defendant to the
contraband to warrant a finding that the defendant had knowledge of the contraband
and exercised control over it. See Roberson, 80 S.W.3d at 735. Circumstances that
have been held to indicate an affirmative link include (1) presence when the search
was executed, (2) contraband in plain view, (3) proximity to and accessibility of the
contraband, (4) accused under the influence of contraband when arrested, (5)
accused’s possession of other contraband when arrested, (6) accused’s incriminating
statements when arrested, (7) attempted flight, (8) furtive gestures, (9) odor of the
contraband, (10) presence of other contraband, (11) accused’s right to possession of
the place where contraband was found, and (12) drugs found in an enclosed place. 
State v. Derrow, 981 S.W.2d 776, 779 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d). Each case is examined on its own facts, and a factor that contributes to the
sufficiency of the evidence in one case may be of little or no value in a different case. 
Roberson, 80 S.W.3d at 736. It is not the number of affirmative links present that is
important, but rather the “logical force” that they create to prove that the defendant
committed the crime. Id. at 735.
          We conclude that appellant had the following affirmative links to the cocaine
that was found on the passenger seat: (1) appellant was seated in the sedan on top of
the cocaine and some marijuana cigars; (2) the officers found the cocaine in plain
view after appellant got out of the sedan; (3) the officers observed appellant in
possession of other contraband as he shared a marijuana cigar with the driver; (4) the
still-burning cigar was on the front passenger floorboard near appellant; (5) appellant
attempted to get out of the sedan when police officers initially approached him; (6)
officers smelled burning marijuana when they approached the sedan; and (7)
consistent with Officer Swainson’s testimony that crack cocaine rocks are often sold
for $10 or $20 and that marijuana cigars are sold for less, appellant possessed a large
quantity of cash in small denominations.
 
          Appellant contends that the evidence is legally insufficient because other
individuals in the sedan could have placed the narcotics on his seat without his
knowledge. As Officer Ford testified, however, during a routine traffic stop, it is
common for a passenger in an automobile to hide narcotics under his leg, as here, 
because the officer usually deals only with the driver. Moreover, as Officer Ford
explained, the cocaine rocks and marijuana cigars found in the front passenger seat
were packaged differently from the narcotics found under the driver’s-side floormat,
which suggested that the narcotics belonged to different people.
          Appellant also contends that he could have been exiting the vehicle in response
to the officers’ commands to the men in the shelter to get on the ground. But as
Officer Ford explained, suspects often attempt to exit cars and flee when approached
by police officers. Appellant’s contentions, therefore, concern the weight to give the
testimony from Officers Swainson and Ford. We do not reevaluate the weight and
credibility of the evidence in our sufficiency-of-the-evidence review. See Muniz, 851
S.W.2d at 246.
          We conclude that the “logical force” of the totality of affirmative links
sufficiently connect the cocaine rocks found in the front passenger seat to appellant. 
See Roberson, 80 S.W.3d at 735. Accordingly, a rational jury could have found all
of the elements of possession of a controlled substance beyond a reasonable doubt. 
See Jackson, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; Swearingen, 101 S.W.3d at 95.
          We overrule appellant’s first issue.
Factual Sufficiency
          In his second issue, appellant asserts that the evidence is factually insufficient
to support his conviction for possession of a controlled substance.
          In reviewing the evidence on factual sufficiency grounds, all of the evidence
as a whole must be reviewed neutrally, not in the light most favorable to the
prosecution. Johnson v.State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The Court of
Criminal Appeals has recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004) (footnote
omitted). In a factual sufficiency review, the appellate court may not substitute its
own judgment for that of the factfinder. Jones v. State, 944 S.W.2d 642, 648
(Tex.Crim. App. 1996). 
          The jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to give the witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661, 672
(Tex App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all, some, or
none of any witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).
          Appellant contends that the evidence is factually insufficient because the
evidence is equally probative of the theory that the bag of narcotics was placed on his
seat by another occupant of the automobile without his knowledge. Appellant
presented this theory at trial, and, based on the jury’s verdict, we conclude that the
jury found the officers’ explanation of events more credible than appellant’s
explanation. See Jaggers, 125 S.W.3d at 671. We defer to the jury’s determination
of the weight and credibility of the evidence. See id.
          After viewing the evidence in a neutral light, we conclude that the evidence
supporting the verdict is not too weak to support the finding of guilt beyond a
reasonable doubt and that the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met. See Zuniga, slip op. at 8. 
Therefore, the jury was rationally justified in finding guilt beyond a reasonable doubt. 
See id.
          We overrule appellant’s second issue.
 
Evidentiary Ruling
          In his third issue, appellant contends that the trial court erred by refusing to
permit defense witness Rhoda Hearne to testify that a codefendant, Warren Allison,
admitted that the crack cocaine in the car belonged to him.
          To preserve a complaint for appellate review, a party must have presented a
timely request, objection, or motion stating the specific grounds for the ruling desired,
unless the grounds are apparent from the context of the objection. Tex. R. App. P.
33.1(a). A general objection preserves nothing for review. Safari v. State, 961
S.W.2d 437, 442 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d, untimely filed). 
To avoid waiver of a complaint on appeal, a party must let the trial court know what
he wants and why he believes he is entitled to it, and he must do so clearly enough
for the trial court to understand the nature of the objection at a time when the court
is in a proper position to do something about it. Lankston v. State, 827 S.W.2d 907,
909 (Tex. Crim. App. 1992).
          Outside the presence of the jury, defense counsel questioned Rhonda Hearne
whether Allison, her boyfriend, told her that all of the crack cocaine in the vehicle
was his. Hearne testified that he did. The court, however, asked Hearne to state
specifically what Allison told her. Hearne testified that, when she arrived at the scene
after appellant and Allison had been arrested, Allison told her to go talk to the
officers. She said that the police officers placed all of the items that they found inside
the car on top of the car. According to Hearne, those items consisted only of the
Newport bag that contained the cocaine rocks found beneath Allison’s floor mat, “a
bag of Sweets


 and some money.” Hearne testified that Allison told her that
everything in the Newport bag was his. Defense counsel asked Hearne what Allison
said about appellant’s involvement, and Hearne responded:
He didn’t say anything that--the only thing he was saying that he didn’t
have nothing to do with it because that was his stuff because he was just
giving Marshall a ride.

          The court ruled that Hearne could testify concerning what she observed and
that Allison had told her that the Newport bag belonged to him. Defense counsel
asked whether Hearne would be able to testify that Allison said that appellant had
“nothing to do with it,” and the following dialog took place:
THE COURT:Well, in the context of her testimony, Mr. Coyne,
that would be, I think, an inaccurate picture before
the jury since he’s only referring to the Newport bag
stuff.
 
DEFENSE:We don’t know that because he’s not testifying.
 
THE COURT:I’m not allowing the rest of the testimony, but she
can testify that she saw the marijuana cigars and she
didn’t see any crack cocaine in it. That’s the extent
of it. Okay. All right.
 
DEFENSE:Objection.
 
THE COURT:It’s understood, recorded, and overruled.

          On appeal, appellant contends that Allison’s statement that appellant “had
nothing to do with it” was admissible under the statement-against-interest exception
to the hearsay rule. See Tex. R. Evid. 803(24). Appellant’s trial objection, however,
was general and did not assert that Allison’s statement was admissible under the
statement-against-interest hearsay exception. Furthermore, it is not apparent from the
context that appellant was making a rule 803(24) objection, particularly because the
trial court allowed Hearne to testify that Allison told her that the Newport bag was
his. The court did not rule that the statement was inadmissible because it was
hearsay, but rather that it was inadmissible because the statement would be “an
inaccurate picture before the jury since he’s only referring to the Newport bag stuff.” 
A court may exclude relevant evidence that is misleading to the jury, or whose
probative value is outweighed by its prejudicial effect. Tex. R. Evid. 403. We
conclude that because appellant failed to communicate his objection effectively, his
general objection did not preserve error for review. See Tex. R. App. P. 33.1;
Lankston, 827 S.W.2d at 909; Safari, 961 S.W.2d at 442.
          We overrule appellant’s third point of error.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 


                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).