NUMBER 13-04-492-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

DONNIE TYRONE HAYNES

A/K/A DONNIE TYRONE HAYES,                                        Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 329th District
Court of Wharton County, Texas.

 

                                MEMORANDUM
OPINION 

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                            Memorandum
Opinion by Justice Garza           

                                                                                    

Appellant, Donnie Tyrone Haynes, was convicted of
possession of a controlled substance and was assessed punishment at eight years= imprisonment. 
See Tex. Health &
Safety Code Ann. ' 481.002 (Vernon Supp. 2004-05), ' 481.115 (Vernon 2003).  For the reasons that follow, we affirm the
judgment of the trial court. 








On October 9, 2003, at about 3:00 a.m., Sergeant
Justin Moran of the Wharton City Police saw appellant walking down a street by
town square.  Appellant noticed the
patrol car and began to walk faster towards a trash can.  Appellant allegedly brought his hands toward
the waist area of his pants, extended his hands toward the opening of the trash
can, pulled them back as if he was throwing something away, then walked away at
a faster pace.[1]  Moran became suspicious and pulled over to
speak to appellant.  Moran looked in the
trash can and found at the top of the heap a small brown bottle.  Appellant denied having thrown anything in
the trash can and was allowed to leave. 
Moran had the contents of the bottle sent for testing.  The results indicated that the bottle
contained 9.3 grams of phencyclidine or APCP.@  Appellant
was charged with possession of an illegal substance.  Appellant pled not guilty to the
offense.  A jury found appellant guilty, and
the trial court sentenced him to eight years=
imprisonment.  This appeal ensued.    

By two issues, appellant asserts that the evidence
is legally and factually insufficient to sustain his conviction.  

I. Relevant Law

In this case, appellant was convicted for possession
of a controlled substance, PCP, in the amount of four grams or more, but less
than 200 grams.  The elements of the
offense are that (1) a person (2) knowingly or intentionally (3) possesses (4)
a controlled substance listed in Penalty Group 1, which includes PCP.  Tex.
Health & Safety Code Ann.' 481.102(8) (Vernon Supp. 2004-05), Tex. Health & Safety Code Ann. ' 481.115(a). 

II. Standard of Review








When reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003).  This standard of review is
applicable in both direct and circumstantial evidence cases.  Chambers v. State, 711 S.W.2d 240,244
(Tex. Crim. App. 1986).  We are not fact
finders; our role is that of a due process safeguard, ensuring only the
rationality of the trier of fact=s finding of the essential elements of the offense
beyond a reasonable doubt.  See Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  

In a factual sufficiency review, the evidence is
viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  In this
neutral light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.@  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  A clearly wrong and unjust verdict occurs
where the jury=s finding Ashocks the conscience@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App. 1997).  We are authorized to disagree with the fact
finder=s verdict even if probative evidence exists that
supports the verdict.  Id. at 164;
see also Johnson, 23 S.W.3d at 7. 









In a criminal conviction, sufficiency of the
evidence is determined by the elements of the crime as defined by the
hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The correct charge "would be one that
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried."  Id.

To support a conviction for possession of a
controlled  substance, the State must
prove (1) that the accused exercised care, control, or custody over the substance,
and (2) that the accused was conscious of his connection with the substance and
knew what it was.  Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
The evidence may be direct or circumstantial.  Id. 
Regardless, the evidence must establish that "the accused's
connection with the drug was more than just fortuitous."  Id.

III.  Analysis

Appellant asserts that the evidence is legally
insufficient because no evidence was presented that appellant ever possessed
the controlled substance.  In support of
his argument, appellant contends that (1) the officer never saw appellant with
a bottle in his hands, (2) appellant=s fingerprints were not found on the bottle, and (3)
the officer could not say what was in that trash can prior to 3:00 a.m. or how
long the item had been in the trash can. 









Among the non‑exclusive factors that may be
considered to establish a defendant=s possession of contraband are (1) whether the
contraband was found in close proximity to the accused, (2) whether conduct by
the accused indicated a consciousness of guilt, (3) whether the accused
attempted to escape or flee, (4) whether the accused made furtive gestures, and
(5) whether the accused was observed in a suspicious place under suspicious
circumstances.  See Lassaint v. State,
79 S.W.3d 736, 740‑41 (Tex. App.BCorpus Christi 2002, no pet.).  The number of factors present is not as
important as the logical force they have in establishing the elements of the
offense.  Corpus v. State, 30
S.W.3d 35, 37‑38 (Tex. App.BHouston [14th Dist.] 2000, pet. ref'd).  Incriminating connections may be shown by
direct or circumstantial evidence.  Brown,
911 S.W.2d at 747.  The evidence need not
exclude every reasonable hypothesis other than the defendant's guilt, but it
must show facts and circumstances that, viewed in the totality of the
circumstances, indicate the defendant's knowledge and control over the drugs.  See id. at 748; State v. Derrow,
981 S.W.2d 776, 778 (Tex. App.BHouston [1st Dist.] 1998, pet. ref'd).

Appellant states that Athe
officer found the controlled substance in a trash can where he found appellant
. . . .@  Appellant=s statement places appellant in the trash can with
the bottle; however, our review of the record reveals that appellant was
actually found in the area near the trash can and not actually inside the trash
can.  Officer Moran testified that he saw
appellant walking down the street at 3:00 a.m. 
He noticed that when appellant saw him driving down the street,
appellant began walking at a faster pace. 
Appellant then approached a trash can, reached down towards his waist
and extended his hands toward the trash can. 
Appellant then walked away at a fast pace.  After approaching appellant, Moran looked in
the can and found the bottle containing PCP on top of the heap.   

Examining the aforementioned evidence in the light
most favorable to the jury's verdict and in light of the nonexclusive factors
set forth above, we conclude that the jury could have reasonably determined
beyond a reasonable doubt that appellant knowingly and intentionally possessed
the PCP,  that he exercised actual care,
custody, or control of the PCP, and that he was conscious of his connection
with it.  Therefore, we hold that the
evidence was legally sufficient to support the jury's verdict.  Appellant's first issue is overruled.








In his second issue, appellant contends that the
evidence in this case was factually insufficient to support a conviction.  Specifically, appellant contends the evidence
is insufficient because Moran never saw the bottle in appellant=s hands and because Moran did not look in the trash
can before stopping him.  

We have reviewed the record in its entirety.  We iterate that our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony.  See
Santellan, 939 S.W.2d at 164.  We
further note that there is no absolute criteria for finding possession in
circumstantial cases; such offenses must necessarily be established by a
consideration of a totality of the circumstances.  See Hyett v. State, 58 S.W.3d 826, 830
(Tex. App.BHouston [14th Dist.] 2001, pet. ref'd). 

Our review of the record as a whole, with
consideration given to all of the evidence, both for and against the jury's
finding, does not reveal any evidence that would cause us to conclude that the
proof of guilt is so obviously weak or is otherwise so greatly outweighed by
contrary proof as to render appellant's conviction clearly wrong or manifestly
unjust.  Therefore, we hold that the
evidence is factually sufficient to support the jury's verdict.  Appellant's second issue is overruled.

We affirm the judgment of the trial court.   

 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of October, 2005.











[1] Appellant=s statement of facts is as follows AAppellant was seen walking in the
street by a Wharton police officer at 3:00 in the morning.  Appellant began to walk away from the officer
towards a trash can.  Appellant extended
both hands over the trash can.  The
officer never saw anything in [a]ppellant=s hands.  The officer
later found a medicine bottle with phencyclidine.@