In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-159 CR


____________________



CARLA MAE HUDSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-050092-R






MEMORANDUM OPINION



 A jury convicted appellant Carla Mae Hudson of possession of less than one gram of
a controlled substance. See Tex. Health & Safety Code Ann. § 481.115(b) (Vernon
2003). The trial court accepted the guilty verdict, found the two enhancement paragraphs to
be true, and sentenced her to twelve years of confinement in the Texas Department of
Criminal Justice Institutional Division. Hudson's sole issue on appeal challenges the legal
and factually sufficiency of the evidence to support the verdict. We affirm.

 Officer Jessie Warner with the Orange Police Department testified at trial he had been
dispatched to a disturbance at the Executive Inn motel in Orange County, Texas. He testified
he spoke to the victim of an assault at the front of the motel, and then began following the
victim along a sidewalk to interview a witness. As Officer Warner followed the victim, he
passed Room 125. The door was open. According to Officer Warner, each room at the
Executive Inn opens to an exterior sidewalk. Officer Warner testified "a voice from inside
began saying . . . 'Come back,' or, 'come in,' something like that." He backed up, looked
into the room, and saw Hudson lying on one of the beds with a crack pipe in her mouth with
her hand on it. As he got closer to the door, he saw smoke coming out of the pipe. He
advised her to put it down. Hudson put the crack pipe behind her legs as if trying to hide it. 
 Officer Warner testified he entered the room, and again advised Hudson to put the
crack pipe down. Another woman later identified as Brenda McDonald was in the room. He
observed the smell of burnt cocaine. Hudson stood up and placed the crack pipe on the other
bed. Officer Warner detained Hudson and called Officer Michael Houston for backup. 
Officer Warner searched the room. He collected the crack pipe and small rocks of cocaine
from the bed, the adjacent night stand, and the floor. He found a bag containing residue on
the floor near Hudson's shoes. He collected the bag. He testified the cocaine rocks were
easily within Hudson's reach when she was lying on the bed. Officer Warner arrested
Hudson and put her in his patrol car. He asked her if she had any medication she needed to
take with her. According to Officer Warner, "[s]he said that was her medication."

 Officer Houston testified the motel room smelled of burnt cocaine. He considered
Hudson's behavior consistent with that of someone who had just smoked crack cocaine. 
Officer Houston testified that when the officers were leaving the motel room, he witnessed
McDonald drop cocaine on the floor. Officer Houston testified that as a result of this
separate incident, Officer Warner placed McDonald under arrest for possession of crack
cocaine. 

 Hudson contends the evidence is legally and factually insufficient to support her
conviction because no crack cocaine was found on her person, there was another individual
in the motel room, and the motel room was rented in another person's name. A legal
sufficiency review requires the appellate court to view the evidence in the light most
favorable to the verdict to determine whether a rational fact finder could have found each
element of the offense beyond a reasonable doubt. Ross v. State, 133 S.W.3d 618, 620 (Tex.
Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979)). In reviewing the factual sufficiency of the evidence, an appellate court must
determine whether, considering all the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). A reviewing court may find the evidence factually insufficient in
two ways. Id. First, when considered alone, the evidence supporting the verdict may be too
weak to support the finding of guilt beyond a reasonable doubt. Id. Second, after weighing
the evidence supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have
been met. Id. at 484-85. An appellate court "must give due deference to the fact finder's
determinations concerning the weight and credibility of the evidence and will reverse the fact
finder's determination only to arrest the occurrence of a manifest injustice." Swearingen v.
State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). It is within the sole province of the
factfinder to determine the credibility of witnesses and to weigh contradictory testimony. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

 To prove unlawful possession of a controlled substance, the State must establish the
defendant exercised actual care, custody, control, or management over the substance and the
defendant knew the substance was contraband. See Tex. Health & Safety Code Ann. §
481.002(38) (Vernon Supp. 2005), § 481.115(a) (Vernon 2003); Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005). The State need not prove exclusive possession of
the contraband for conviction; control over contraband may be jointly exercised by more than
one person. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); State v.
Derrow, 981 S.W.2d 776, 779 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). However,
mere presence in the vicinity of a controlled substance does not, by itself, support a finding
that a person is in joint possession or is a party to an offense. Roberson v. State, 80 S.W.3d
730, 735 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). If the accused is not in exclusive
possession of the place where the contraband is found, there must be additional independent
facts and circumstances affirmatively linking the accused to the contraband. Poindexter, 153
S.W.3d at 406. An affirmative link may be established through either direct or circumstantial
evidence, and must establish that the defendant's connection to the contraband was more than
just fortuitous. Id. at 405-06. 

 Circumstances which may constitute affirmative links include: 

 (1) the defendant's presence when a search is conducted; (2) whether the
contraband was in plain view; (3) the defendant's proximity to and the
accessibility of the narcotic; (4) whether the defendant was under the influence
of narcotics when arrested; (5) whether the defendant possessed other
contraband or narcotics when arrested; (6) whether the defendant made
incriminating statements when arrested; (7) whether the defendant attempted
to flee; (8) whether the defendant made furtive gestures; (9) whether there was
an odor of contraband; (10) whether other contraband or drug paraphernalia
were present; (11) whether the defendant owned or had the right to possess the
place where the drugs were found; (12) whether the place where the drugs
were found was enclosed; (13) whether the defendant was found with a large
amount of cash; and (14) whether the conduct of the defendant indicated a
consciousness of guilt.


Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.--Houston [14th Dist.] 2005, no pet.). The
quantity of factors established is not as important as the degree to which they affirmatively
link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.--Tyler 1995, pet. ref'd). 

 There are sufficient affirmative links in this case. Officer Warner observed Hudson
with the crack pipe in her mouth and smoke coming out of the pipe. Hudson tried to hide the
crack pipe, and cocaine was collected from the bed in the vicinity where she tried to hide the
pipe. According to Officer Warner, the cocaine was in plain view and within Hudson's
reach. Both officers testified the room smelled of burnt cocaine. Officer Houston testified
Hudson exhibited behavior consistent with someone who was under the influence of cocaine. 
When Officer Warner arrested Hudson and asked her if she needed to take any medication
with her, she explained "that was her medication."

 Reviewing all the evidence in the light most favorable to the verdict in a legal
sufficiency review, we conclude a rational trier of fact could have found beyond a reasonable
doubt that Hudson was guilty of the offense charged. Based on a factual sufficiency review
of the entire record, we conclude the jury was rationally justified in its verdict; the verdict
was not manifestly unjust or clearly wrong. Hudson's issue is overruled. The judgment is
affirmed. 

 AFFIRMED.


 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on March 23, 2006

Opinion Delivered May 10, 2006

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.