In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-197 CR


____________________



TIMOTHY SHANE PHILLIPS, Appellant



V.



STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-050008-R







MEMORANDUM OPINION

 A jury convicted appellant Timothy Shane Phillips of possession of a controlled
substance. See Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2003). Phillip's
sole issue on appeal challenges the legal and factual sufficiency of the evidence to support
the verdict. We affirm.

 Darren Mooney, a sergeant in the patrol division of the Orange County Sheriff's
Department, testified he responded to a call at approximately 3:50 a.m. regarding a possible
burglary of a motor vehicle in progress. Sergeant Mooney and Corporal Kevin Tate drove
to the location in Orange County, Texas. On their way, dispatch informed them that "three
male subjects" had entered a residence at 175 Alex Street.

 They arrived at 175 Alex and first checked the car parked on Bay Street that was
reported as being burglarized. According to Sergeant Mooney, he and Corporal Tate stepped
up onto the front porch of the mobile home at 175 Alex. The front metal door was open but
the storm glass door was closed, allowing the officers to see into the mobile home. Sergeant
Mooney could see into an adjacent bedroom and observed three males kneeling down close
together in the corner of the bedroom by a couch. Sergeant Mooney could not determine
what they were doing. Sergeant Mooney identified Phillips in the courtroom as one of the
males he observed kneeling down inside the mobile home.

 After the officers observed the three males for about ten seconds, a female in the
residence walked past and saw the officers and announced the officers' presence. One of the
males, LaBray, sat on the couch and the other two, appellant Phillips and Summers, came
outside. The officers questioned Phillips about the burglarized vehicle. Phillips told the
officers he had locked his keys in his car and earlier they had gathered around his vehicle
trying to get into it. Sergeant Mooney testified Phillips appeared "very nervous" and "was
shaking uncontrollably." 

 Summers gave the officers consent to search the bedroom. Sergeant Mooney walked
binto the bedroom and found a pipe used for smoking cocaine or marijuana on the dresser. 
He then walked over toward the corner of the couch where the three males had been
kneeling, and he lifted up a couch cushion. He found four small plastic "baggies" attached
together with a safety pin. He testified the "baggies" appeared to contain methamphetamine. 

 Sergeant Mooney testified all three males were arrested for possession of
methamphetamine because they had control of it. LaBray, Summers, and Phillips had been
kneeling down facing the cushion where the methamphetamine was located. The female was
not arrested because she was at the other end of the house when the officers arrived on the
scene.

 Corporal Kevin Tate testified he was a patrol deputy with the Orange County's Sheriff
Department at the time of Phillips' arrest. He testified he walked onto the mobile home's
porch slightly before Sergeant Mooney did, and that he had a clear view into the residence
through the closed storm door. He saw three males walk by the front door and go into the
bedroom at the south end of the trailer. He could not tell what they were doing but they
appeared to be "busy" and "doing some type of activity." He never saw all three of the males
kneeling at the couch, but they went over to the couch and were "sitting, bending, moving"
and "mov[ing] around a lot." He identified Phillips in the courtroom as one of the males
kneeling in the trailer. 

 Corporal Tate testified that upon the female's announcement of the officers' presence,
Summers, the homeowner and resident of the trailer, came outside. The other two males and
the female did not come outside until they were asked by the officers. Phillips identified
himself for the officers and explained he had locked his keys in the car. 

 Corporal Tate saw where Sergeant Mooney located the methamphetamine and
Corporal Tate testified Phillips had been kneeling down with the other two males in the same
area. According to Corporal Tate, Phillips was within arm's reach of where the
methamphetamine was located and the drugs were in his care, custody, control, or
management. He searched the males and found a syringe and a Q-tip in the front right pocket
of Phillip's blue jeans. Corporal Tate explained syringes are often used to inject
methamphetamines and Q-tips are used to keep the drug in one spot in order to easily draw
the methamphetamines into the syringe. The syringe and Q-tip were collected as evidence
but were not tested for methamphetamine residue. 

 Phillips contends the evidence is legally and factually insufficient to support his
conviction. In reviewing the legal sufficiency of the evidence, an appellate court reviews all
the evidence in the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004)(citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In reviewing the factual sufficiency
of the evidence an appellate court must determine whether, considering all the evidence in
a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). A reviewing court may find
the evidence factually insufficient in two ways. Id. First, when considered alone, the
evidence supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt. Id. Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. It is the sole
province of the jury to determine the credibility of witnesses and to weigh contradictory
testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

 To prove unlawful possession of a controlled substance, the State must establish the
defendant exercised actual care, custody, control, or management over the substance and the
defendant knew the substance was contraband. See Tex. Health & Safety Code Ann. §
481.002(38) (Vernon Supp. 2006), § 481.115(a) (Vernon 2003); Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005). The State need not prove exclusive possession of
the contraband for conviction; control over contraband may be jointly exercised by more than
one person. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); State v.
Derrow, 981 S.W.2d 776, 779 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). Mere
presence in the vicinity of a controlled substance does not, by itself, support a finding that
a person is in joint possession or is a party to an offense. Roberson v. State, 80 S.W.3d 730,
735 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). If the accused is not in exclusive
possession of the place where the contraband is found, it cannot be concluded that the
accused had knowledge of and control over the contraband unless there are additional
independent facts and circumstances affirmatively linking the accused to the contraband. 
Poindexter, 153 S.W.3d at 406. An affirmative link may be established through either direct
or circumstantial evidence, and must establish that the defendant's connection to the
contraband was more than just fortuitous. Id. at 405-06. 

 Circumstances which may indicate an affirmative link include: "(1) the defendant's
presence when a search is conducted; (2) whether the contraband was in plain view; (3) the
defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was
under the influence of narcotics when arrested; (5) whether the defendant possessed other
contraband or narcotics when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8) whether the
defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether
other contraband or drug paraphernalia were present; (11) whether the defendant owned or
had the right to possess the place where the drugs were found; (12) whether the place where
the drugs were found was enclosed; (13) whether the defendant was found with a large
amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of
guilt." Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.--Houston [14th Dist.] 2005, no
pet.). The quantity of factors established is not as important as the degree to which they
affirmatively link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524
(Tex. App.--Tyler 1995, pet. ref'd). 

 There are sufficient affirmative links in this case. Both officers testified Phillips was
doing some type of activity and was facing the couch; Corporal Tate testified Phillips was
within arm's reach of the methamphetamine. Drug paraphernalia consistent with injecting 
methamphetamine was found on Phillips. Sergeant Mooney testified Phillips was nervous
and shaking uncontrollably, indicating a consciousness of guilt. Phillips was present during
the officers' search of the room, and a pipe commonly used to smoke illegal drugs was found
in plain view. 

 Phillips argues the officers' inconsistent testimony cannot lead to a finding that
Phillips was in possession of methamphetamine. The jury as the trier of fact "is the sole
judge of the credibility of the witnesses and of the strength of the evidence." Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). Reconciliation of evidentiary conflicts
is left exclusively to the jury. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000). 

 Reviewing all the evidence in the light most favorable to the verdict in a legal
sufficiency review, we conclude a rational trier of fact could have found beyond a reasonable
doubt that Phillips was guilty of the offense charged. Based on a factual sufficiency review
of the entire record, we conclude the jury was rationally justified in its verdict; the verdict
was not manifestly unjust or clearly wrong. Appellant's sole point of error is overruled. 

 AFFIRMED.

 __________________________________

 DAVID GAULTNEY

 Justice

Submitted on September 5, 2006

Opinion Delivered October 11, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.