NUMBER 13-03-281-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ARNOLD PEREZ,                                                                         Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 36th District Court
of San Patricio County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
                       Opinion by Chief Justice Valdez


         Appellant, Arnold Perez, was convicted by a jury for two counts of possession
of a controlled substance, a state jail felony. On appeal, he contends (1) the trial court
erred in denying his motion to suppress, and (2) the evidence is legally insufficient to
support the conviction on the second count. We affirm.
Background
         Officer Parnell Haynes observed Dustin Beach driving a white Dodge pickup
truck ninety-three miles-per-hour in a sixty-five mile-per-hour zone. Haynes also
observed the passenger-side door opening and closing several times in rapid
succession. Haynes did not see anything being thrown from the vehicle, nor did he
subsequently find any controlled substances or contraband along the side of the road. 
         Haynes initiated a traffic stop. Haynes told Beach he was being stopped for
excessive speed and asked appellant, the passenger, why he had repeatedly opened
and closed his door. Appellant, who appeared to be visibly intoxicated, informed
Haynes that his shirt had been stuck in the door and he was trying to free it. Haynes
asked Beach if he had been drinking and Beach replied affirmatively. Haynes
administered, and Beach passed, the horizontal gaze nystagmus sobriety test. Beach
appeared “calm.”
         Haynes ran a background license check on both Beach and appellant, which
revealed no warrants or criminal history for either individual. Haynes then requested
permission to search the vehicle, which Beach refused. Haynes called for the canine
unit to perform an olfactory search of the vehicle. The canine unit arrived at the scene
eighteen minutes later. The dog alerted on the passenger-side of the truck near the
door handle, and a controlled substance was found in a plastic bag in the center roof
console. Appellant was arrested within thirty minutes of the initial traffic stop. 
         Beach and appellant were taken in separate vehicles to the police station for
processing. Haynes frisked appellant and took him to the police station. After leaving
appellant at the station, Haynes found another plastic bag, similar to the one found in
the truck, concealed under the back seat on the passenger side of his patrol car. That
is where appellant had been seated, handcuffed with his hands behind him, during
transport. Appellant was the only individual that Haynes transported that evening. 
                                        Illegal Prolonged Detention
         In his first issue, appellant argues that his arrest was the result of an illegal
prolonged detention after the traffic stop of Beach’s truck. Appellant objected to the
admission of the “baggies” at trial; however, his objections were overruled. 
         An appellate court must uphold a trial court’s evidentiary ruling it if is reasonably
supported by the record and is correct under any theory of law applicable to the case. 
State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We will not reverse
the trial court’s decision to admit evidence unless the record shows that the trial court
abused its discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990). This standard requires an appellate court to uphold a trial court’s admissibility
decision when that decision is within the zone of reasonable disagreement. Powell v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).
         Appellant challenges neither the initial stop for the speeding violation nor the
detention for Beach’s field sobriety test. Instead, appellant contends that his
continued detention after the stop for speeding was an illegally prolonged detention. 
         An investigative detention may last no longer than is necessary to effectuate the
purpose of the stop. Florida v. Royer, 460 U.S. 491, 500 (1983); Davis v. State, 947
S.W.2d 240, 243 (Tex. Crim. App. 1997). Once the purpose of the stop has been
satisfied, the stop may not be used for an unrelated “fishing” expedition. Davis, 947
S.W.2d at 243. The propriety of the stop’s duration is judged by assessing whether
the police diligently pursued a means of investigation that was likely to dispel or
confirm their suspicions quickly. Id. at 245. 
         The reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances and will be justified when the detaining officer has
specific articulable facts, which taken together with rational inferences from those
facts, lead to the conclusion that the person detained is, has been, or soon will be
engaged in criminal activity. Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App.
1997); 217,590 in U.S. Currency v. State, 54 S.W.3d 918, 923 (Tex. App.–Corpus
Christi 2001, no pet.); Hernandez v. State, 983 S.W.2d 867, 869 (Tex. App.–Austin
1998, pet. ref’d). An officer who has a reasonable suspicion that the vehicle contains
narcotics may temporarily detain it to allow an olfactory inspection by a trained drug-detection dog. Estrada v. State, 30 S.W.3d 599, 603 (Tex. App.–Austin 2000, no
pet.). 
          Based on the totality of the circumstances, we conclude that Haynes offered
specific articulable facts, which, taken together with rational inferences from those
facts, caused him to conclude that appellant was, had been, or soon would be
engaged in criminal activity. Haynes testified that he based his request for a canine
search on three factors: the vehicle’s high rate of speed, appellant’s appearance of
intoxication, and the repeated opening and closing of the passenger-side door. Haynes
testified that, in his experience, suspects may attempt to dispose of contraband or
narcotics by throwing the items out of their vehicle. He had personally witnessed this
occurring on fifteen or twenty different occasions. Haynes further testified that he
found it extremely suspicious that the door opened and closed several times in rapid
succession. While appellant informed Haynes that he opened and closed the door
repeatedly to free his shirttail from the door, Haynes testified that he believed appellant
was wearing a t-shirt without a tail. Moreover, given the physical dimensions of the
truck and the location of the passenger seat therein, Haynes estimated that there
would have been a gap of approximately a foot-and-a-half between the passenger’s
shirttail and the passenger-side door. 
            We conclude that Haynes offered articulable facts and circumstances that
justified a continued detention and broader investigation. Davis, 947 S.W.2d at 243. 
While a detention based on a violation of a traffic regulation will not justify detention
to await the arrival of a drug detection dog, 217,590, 54 S.W.3d at 924, Haynes’s
testimony provided additional specific facts and circumstances which caused him to
suspect the vehicle contained narcotics. Accordingly, we overrule appellant’s first
issue.
Sufficiency of the Evidence
         In appellant’s second issue, he argues that the evidence is legally insufficient to
support his conviction under count two, that is, possession of the narcotics found in
the center roof console of the truck. Hector Cadenas, a chemist with the Texas
Department of Public Safety, testified that the narcotics found in the console consisted
of 0.56 grams of N, N-dimethylamphetamine. 
         We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979); King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000). The sufficiency of the evidence is measured by the elements of the
offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This hypothetically correct
charge is one that accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State’s burden of proof or unnecessarily restrict the
State’s theories of liability, and adequately describes the particular offense for which
the defendant was tried. Id. 
         The State was required to prove that appellant knew he possessed a controlled
substance and exercised actual care, custody, and control over it. See Tex. Health &
Safety Code Ann. §§ 481.002(3), 481.115 (Vernon Supp. 2004); Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The indictment alleged that appellant
did “intentionally and knowingly possess N, N-Dimethylamphetamine, a controlled
substance listed in Penalty Group 2, in an amount of less than one (1) gram aggregate
weight, including adulterants and dilutants.” 
         When the contraband is not found on the person or within the exclusive
possession of the accused, additional independent facts and circumstances must
affirmatively link the accused to the contraband in order to establish the requisite
knowledge and control. Brown, 911 S.W.2d at 747; McQuarters v. State, 58 S.W.3d
250, 259 (Tex. App.–Fort Worth 2001, pet. ref’d). We utilize a nonexclusive list of
factors to determine whether the evidence is sufficient to affirmatively link the accused
with the controlled substance: 
(1)the contraband was in plain view or recovered from an enclosed
place;
 
(2)the accused was the owner of the premises or had the right to
possess the place where the contraband was found, or was the
owner or driver of the automobile in which the contraband was
found;
 
(3)the accused was found with a large amount of cash;
 
(4)the contraband was conveniently accessible to the accused, or
found on the same side of the vehicle as the accused was sitting;
 
(5)the contraband was found in close proximity to the accused; 
 
(6)a strong residual odor of the contraband was present;
 
(7)the accused possessed other contraband when arrested;
 
(8)paraphernalia to use the contraband was in view, or found on the
accused;
 
(9)the physical condition of the accused indicated recent
consumption of the contraband in question;
 
(10)conduct by the accused indicated a consciousness of guilt;
 
(11)the accused attempted to escape or flee;
 
(12)the accused made furtive gestures;
 
(13)the accused had a special connection to the contraband;
 
(14)the occupants of the premises gave conflicting statements about
relevant matters;
 
(15)incriminating admissions connecting the accused to the
contraband;
 
(16)the quantity of the contraband; and
 
(17)the accused was observed in a suspicious area under suspicious
circumstances.

Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex. App.–Corpus Christi 2002, no pet.)
(citations omitted). The number of affirmative links present is not as important as the
logical force they have in establishing the elements of the offense. Corpus v. State,
30 S.W.3d 35, 37-38 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d). Affirmative
links may be shown by direct or circumstantial evidence. Brown, 911 S.W.2d at 747. 
The evidence need not exclude every reasonable hypothesis other than the defendant’s
guilt, but it must show facts and circumstances that, viewed in the totality of the
circumstances, indicate the defendant’s knowledge and control over the drugs. See
id. at 748; State v. Derrow, 981 S.W.2d 776, 778 (Tex. App.–Houston [1st Dist.]
1998, pet. ref’d).
         Appellant contends the only affirmative link present in the instant case is his
presence, as a passenger, in the truck. We disagree. In this case, the contraband was
located in an enclosed space, the center roof console of the truck, which was easily
accessible to appellant and was in close proximity to appellant. The drug-detection
dog alerted to the passenger-side door of the vehicle, which was where appellant, as
passenger, was sitting. Appellant appeared to be intoxicated. Haynes articulated
“suspicious circumstances,” specifically attributable to appellant, that is, the repeated
opening and closing of the passenger-side door. Moreover, as the jury inferred from
the evidence, appellant possessed other contraband that he jettisoned in Haynes’s
patrol car. Viewing the evidence in the light most favorable to the verdict, we
conclude that a rational jury could have found that appellant knowingly and
intentionally possessed the narcotics at issue. King, 29 S.W.3d at 562. Appellant’s
second issue is overruled.
Conclusion
         Having overruled both of appellant’s issues, we affirm the judgment of the trial
court.

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 12TH day of August, 2004.